## HEYMAN & CO. *v.* LANDERS *et al.*

When a restraining order or an injunction is sought upon the complaint itself, it is
the usual practice to present the complaint, in advance of the filing, to the Judge,
and obtain the order or the allowance of the writ; and such practice is regular,
and not in conflict with our statute.

In such case, the order does not take effect until the filing the complaint and the under-
taking required.

Where suit is brought to set aside a judgment on the ground of fraud, and a restrain-
ing order is issued in such suit at the instance of the plaintiff, and subsequently, at
a final hearing, the Court decides that such judgment was not fraudulent, but valid:
*Held,* that the effect of such judgment is, that plaintiff was not entitled to the
restraining order.

The only damages which the law allows for the detention of money under its process is
the legal interest.

APPEAL from the Sixth District, County of Sacramento.

This was an action to recover damages for the wrongful issuance of
an injunction or restraining order.   The facts, as detailed by the opin-
ion of the Court, are as follows :

On the third of November, 1856, the plaintiffs brought suit against
one Arronson, of Sacramento, to recover the sum of ten thousand and
one hundred dollars, and issued an attachment and levied upon his
property.   On the same day, but subsequent to the levy of the attach-
ment of the plaintiffs, several other creditors of Arronson commenced
suits against him, and caused attachments to be issued and levied upon
the same property.   Judgments in the several suits passed by default,
and the plaintiffs immediately issued execution upon the one recovered
by them, under which the Sheriff proceeded and sold the property
attached.   Whilst the property was in the Sheriff's custody, the other
creditors instituted suit to set aside the judgment of the plaintiffs as
fraudulent and collusive, and obtained an order from the District
Judge, directing the payment of the proceeds of the sale into Court to
abide the determination of the suit, upon filing a bond, to be approved
by the Clerk, in the sum of one thousand dollars.   The order was
indorsed upon the complaint in that suit, and filed with it.   The under-
taking, which is the subject of the present action, was then executed,
and the restraining order issued.   The condition of the undertaking is

to pay such damages, not exceeding the sum of one thousand dollars, as the defendants in that suit might sustain, by reason of the order, if the Court should finally decide that the plaintiffs therein, the creditors, were not entitled thereto.    In obedience to the order, the proceeds of the sale, amounting to seven thousand and eleven dollars, were paid into Court, and remained there from December 15, 1856, to April 29, 1857, when the suit was decided against the creditors, and it was adjudged that the judgment recovered by the plaintiffs herein was valid, and not fraudulent or collusive, and that they were entitled to the money.    The present action is to recover the damages sustained by reason of the restraining order.    It appeared in evidence on the trial, that during the period the money was detained in Court it was worth two per cent. interest a month, and that the plaintiffs employed counsel to obtain the discharge of the restraining order, and paid for their services three hundred dollars, which was a reasonable fee.    The Court allowed as damages the counsel fee paid, and interest upon the money at the rate of two per cent. a month, and gave judgment for the full amount of the undertaking.    From this judgment the defendants appeal, and make the following points :    *First.* That the restraining order was void, because made before the complaint in the suit of the creditors was filed ;    *Second.* That the Court has never decided that the plaintiffs in that suit were not entitled to the restraining order ; and, *Third.* If the defendants are liable upon the undertaking, the rule of damages must be the legal interest of ten per cent. a year upon the money in Court.

*Thomas Sunderland* for Appellants.

1. The first error complained of is, that the Court permitted the introduction in evidence of the restraining order of the Court.

It appeared that the order was made by the Judge at chambers, before any suit was instituted ; the complaint and order were filed at one and the same time, and as one paper.    Now the statute (Practice Act, sec. 22) provides that a suit shall be commenced by filing the complaint and issuing a summons.

The restraining order, therefore, must have been made before any suit was pending, and when the Judge who made the order had no

jurisdiction.   By the 113th section of our Practice Act, an injunction may be granted at the time of issuing the summons; but there is no authority for issuance of an injunction by the Court or Judge before the suit is commenced or the complaint filed.   If there is no authority for such order, then, it follows that the order was void, and it ought not to have been introduced in evidence.

Appellants objected to the introduction of the undertaking sued on, for the same reasons urged against the order of the Judge, and also because both the order and undertaking showed that the latter was given to indemnify respondents against loss until the return day of the order to show cause.   Heyman & Co. were ordered to appear on the twenty-eighth of November, 1856, and show cause why the prayer of the complaint should not be granted.   In the meantime, the Sheriff was restrained from paying the proceeds of the goods to them.

The extent of the liability of appellants was the damage sustained by Heyman & Co. from the eighteenth of November until the twenty-eighth.

2.  The condition of the undertaking is, that the plaintiffs in said suit in which the same was given, would pay the defendants therein such damages as they might sustain by reason of said order, " if the Court shall finally decide that the said plaintiffs were not entitled thereto." The Court has never decided that plaintiffs in that suit were not entitled to the restraining order, and until there is such decision there is no breach by appellants of their undertaking.

3.  Respondents called C. H. Bradford, to prove that money was worth in the market two per cent. per month during the time the money hereinbefore mentioned was in the hands of the Clerk.   The Court found that money was worth that rate of interest, and therefore gave judgment against appellants for damages for the loss of the use of said money at that rate.   Our statute (R. L., p. 109) has filed the legal rate of interest in the absence of any agreement in writing, and thereby the value of money and its use is fixed by law.

*Moore & Welty* for Respondents.

Appellants complain that the Court below found damages equal to

two per cent. per month for the time that the money was detained in obedience to the restraining order.

It is shown by the evidence, that during all the time the money was so detained, the use of money was worth two per cent. a month on call. If that was the value of the use of the money, were not plaintiffs damaged to that amount ? and if damaged to that amount, then, it follows that respondents ought and must pay that amount in order to comply with their undertaking, which is, to pay them (plaintiffs) all damages which they may sustain by reason of the order, if the Court shall finally decide, etc.

In the case of Smith *v.* Griffith, 3 Hill, 333, Nelson, Justice, on the subject of damages, says : " The damages should afford the plaintiff an adequate indemnity for the loss sustained at the time the injury happened ;" and this is certainly in accordance with *right* and *reason.* If the value of the use of money (as is proved) was two per cent. per month, respondents could have got that much for the use of their money ; and unless they can recover that amount in damages, they will have been placed against their will in that position—an anomaly in the common law—to suffer an injury without a remedy.

FIELD, J., after stating the facts, delivered the opinion of the Court —TERRY, C. J., and BALDWIN, J., concurring.

The appellants makes the following points : *First.* That the restraining order was void, because made before the complaint in the suit of the creditors was filed ; *Second.* That the Court has never decided that the plaintiffs in that suit were not entitled to the restraining order; and, *Third.* If the defendants are liable upon the undertaking, the rule of damages must be the legal interest of ten per cent. a year upon the money in Court.

The first point is untenable. The order could only take effect upon the filing of the complaint, and the bond or undertaking required, and it was unnecessary to delay the application to the Judge until after the complaint had been filed. When a restraining order or an injunction is sought upon the complaint itself, it is the usual practice to present the complaint, in advance of the filing, to the Judge, and obtain the order or the allowance of the writ ; and with this practice the statute

does not conflict.    The order or writ can then be issued with the summons.    Prac. Act, sec. 113.

The second point is also untenable.    The Court, in adjudging that the judgment of the plaintiffs against Arronson was valid, and not fraudulent or collusive, and that they were entitled to the money in Court in substance, if not in terms, decided that the other creditors were not entitled to the restraining order.

But the third point is well taken.    The only damages which the law allows for the detention of money under its process is the legal interest. The rule of damages, in such cases, like the one which obtains in actions upon promissory notes, is a fixed and arbitrary one.    The actual loss occasioned may be much greater than the interest, but the consequences beyond that the law does not inquire into (Sedgwick on Damages, chap. 8).    It would indeed often be impossible to determine the actual damages resulting from the detention of money ; the party entitled to it may in consequence have been compelled to borrow on ruinous rates of interest ; he may have become embarrassed in his business operations, ruined in credit, and perhaps driven into insolvency ; but of these possible consequences the Courts cannot take notice.    The legal interest in such cases is the only measure which can be followed with certainty, and, as a general rule, with safety.    The judgment, therefore, must be modified.    The allowance of the three hundred dollars was proper (Summers *v.* Farish, 10 Cal. 353).    This sum added to the interest on the money deposited in Court at the rate of ten per cent. a year from December 15, 1856, to April 29, 1857, must constitute the amount to which the judgment is to be reduced.

The cause is remanded to the Court below, with directions to modify the judgment in accordance with this opinion ; the costs of the appeal to be allowed to the respondents.