# ORVILLE D. SMITH

*v.*

# EDWARD H. SMITH *et al.*

1. GUARDIAN AD LITEM—*against whom charges of, must be taxed as costs.* Where a court allows a guardian *ad litem* a reasonable sum for his charges and expenditures in defending for an infant defendant in a suit in equity, and taxes the same as costs, it must be taxed against the person at whose instance the appointment of the guardian was made.

2. Where a bill in chancery, or a petition, prays for the appointment of a guardian *ad litem* for an infant defendant, and one is appointed, in the absence of any thing appearing in the record that it was made on the motion of some other person, it will be presumed that the appointment was made on the motion of the complainant or petitioner, and in such a case the court will have no power to tax the charges of the guardian *ad litem* against the infant defendant.

3. SAME—*amendment of 1872 does not affect prior rights.* The repealing clause of the Chancery Code of 1872 provides that that act shall not be construed to affect any rights that may have accrued, etc., when the same took effect. Therefore, if the sixth section of that act changed the prior rule, and made the charges of a guardian *ad litem* chargeable as costs against the infant defendant, it can have no application on rights accrued and for services performed before such act took effect.

4. SAME—*taxing of charges must be in original suit.* The taxing of charges in favor of a guardian *ad litem* must be in the original suit, and while it is still pending, and can not be made after the case has been disposed of and gone from the docket. A petition for such taxation while the cause is pending, will be regarded but a continuation of the original cause.

5. SAME—*remedy in the county court.* Where a guardian *ad litem*, appointed to defend for an infant defendant, properly defends and preserves the rights of his ward, and in so doing incurs expense in the employment of counsel or otherwise, he will have the right to have all his reasonable charges reimbursed, and for that purpose may have a guardian appointed by the county court, and recover the same in the usual mode against such guardian, and collect it out of the minor's estate.

6. SAME—*practice recommended as to counsel fees in defending.* Where a guardian *ad litem* is appointed for an infant defendant, and believes his ward has rights, the better practice is, for him to apply to the court for leave to employ counsel, and the court should, on granting leave, fix the amount necessary to expend in the defense, and this sum, on a showing of its insufficiency, may be increased by the court.

7. SAME—*reasonableness of charges*. Where the property involved in litigation belonging to an infant defendant was of the value of about $40,000, and the suit was not a complicated one, presenting but few questions of fact or law, and one not requiring any considerable degree of skill or large amount of labor, it was *held*, that an allowance recommended by the master in chancery of $109.02 to the guardian, for expenses incurred, and $3500 for attorney's fee, was, as to the latter item, too large, and that under the circumstances $1000 would be a liberal, if not a large, attorney's fee.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

This was originally a suit brought by Orville D. Smith, against Edward H. Smith, Sarah D. Broad and Sarah C. Broad, for the partition of land. The questions involved in this appeal grow out of the presentation of a petition in the original cause by A. H. Powers, guardian *ad litem* for Sarah D. Broad, to have his costs and charges taxed as costs in the case, and the refusal of the court below to allow the same. He claimed to be allowed for the following items:

| | | | | | |
|---|---|---|---|---|---|
| Money paid for taking depositions | | | | $10 | 00 |
| " | " | " | printing argument | 21 | 00 |
| " | " | " | costs and opinion of Supreme Court | 36 | 02 |
| " | " | " | copy of record, etc | 42 | 00 |
| | | | | $109 | 02 |

Counsel and solicitors' fees to be fixed by the court. The matter was referred to the master, who reported and recommended the allowance of $3609.02. Exceptions were taken to the report, that the sum allowed as solicitors' fee was excessive, and that the sums allowed ought not to be charged on the minor's estate. The court dismissed the petition, from which order the guardian *ad litem* appealed.

Messrs. PAGE & PLUM, for the appellant.

Messrs. HOWE & RUSSELL, for the appellee, Sarah D. Broad.

Mr. JUSTICE WALKER delivered the opinion of the Court:.

It appears that in 1869, Orville D. Smith filed a petition for partition of certain lands, making his brother, E. H. Smith, and his half-sister, Sarah D. Broad, and his mother, Sarah C. Broad, defendants. He claimed one-third of the premises in fee, and that his brother and half-sister each owned one-third, all subject to the life estate of his mother. Sarah D. was, at the time, a minor without a guardian, but the court appointed A. H. Powers her guardian *ad litem.* But it fails to appear on whose motion.

The guardian *ad litem* employed counsel, who filed an answer and a cross-bill, tried the cause, and it was brought to this court, and is reported in 55 Ill. 204. The decree was reversed and the cause remanded, and in accordance with the decision of this court, the entire tract of land was decreed to Sarah D. Broad, the minor defendant.

On the final disposition of the case, the guardian *ad litem* filed his account for the expenses he had incurred, amounting to $109.02, and for the allowance of a reasonable attorney's fee. A reference to a master was had, who reported an allowance of $3609.02, being, as we infer, $3500 for counsel fees. But the court, holding that there was no power to make the allowance thereof as costs in the case, dismissed the petition. Thereupon the cause is brought to this court, by Powers, on appeal.

It is contended, that under the provisions of the 47th section of the Chancery Code, it was the duty of the chancellor to make the allowance, and tax the sum against the estate of the infant. That section provides that the court may appoint a guardian *ad litem* for any infant or insane defendant to any suit in equity, whether they have been served with process or not, and may compel such guardian to act, but provides that he shall not be liable for costs, "and he shall, moreover, be allowed a reasonable sum for his charges as such guardian, to be paid by the party at whose motion he was appointed,

to be taxed in the bill of costs." In the petition filed by Orville D. Smith, there was a prayer for the appointment of a guardian *ad litem* for Sarah D. Broad. There is nothing farther to show whether any other motion was made for the appointment. In the absence of any thing appearing in the record that the appointment was made on the motion of some other person, the reasonable, and in fact the only, inference would be, that he was appointed under the prayer of the petition. And it must be treated as made on the motion of the petitioner.

It, then, follows that the appointment was not made on the motion of Sarah D. Broad, the infant. And it is manifest that, under this statute, the court had no power to tax the charges against her as costs. The statute is too plain to require or even allow of construction. The language is unambiguous and free from all doubt that, if the charges of the guardian *ad litem* are to be taxed as costs, it must be against Orville D. Smith, who prayed for his appointment. No other power is conferred by that section.

It is, however, urged that if the charges can not be taxed under that section, they may be under the 6th section of the Chancery Code, of 1872, which amended the 47th section of the act of 1845. It provides that the guardian *ad litem* "shall moreover be allowed a reasonable sum for his charges as such guardian, to be fixed by the court, and taxed in the bill of costs." But if it were conceded that, under this amendment, the charges could be taxed as contended, still that section can not apply to this case, as the repealing clause of that statute provides that the act shall not be construed to affect any rights that may have accrued, or any suits that might be pending when the act took effect.

Now, this suit was pending when this law became operative, and the act declares that it should not affect any such suit. It is, however, said that no rights had accrued, to these charges when the law went into effect. The services had all been rendered, and the guardian's rights were then as complete as

they now are.   Nor can the law of 1872 affect those rights. If he then had no right to have them taxed against the minor, he has none since its passage, as it declares that such rights shall not be affected by its adoption.

If it be contended that this suit has been brought since the act of 1872 went into effect, the reply is, that the petition is filed in the original case, and is but a continuation of it.   Nor could the charges, in any event, be taxed, unless it was in the original suit, and whilst that was still pending.   Such taxation could not be made after the case had been disposed of and gone from the docket.   To proceed under the act of 1872, would be to affect the suit which was pending when the law became operative.   So that in no event can the charges be taxed as costs in the case under the statute.

It appears that the guardian *ad litem* in this case did his duty properly in defending and preserving the rights of his ward, and for his reasonable charges therefor, he has the undoubted right to have them reimbursed.   And for the purpose, he may, no doubt, have a guardian appointed by the county court, and recover his claim in the usual mode against such guardian, and collect it out of the minor's estate.   His claim has become a debt against the minor, and should be allowed and paid, like any other that may have been legitimately incurred.   The guardian *ad litem* was appointed under the law which contemplates a repayment of moneys properly expended, or liabilities legitimately incurred.

Inasmuch as objections have been urged against the sum allowed by the master, and as the question will, necessarily, arise again for adjustment, we will consider the question, as it is presented by this record.   The case, as it appears from the record, seems to have been one presenting but few questions of fact or law, and they not complicated.   Nor can we see that any large amount of labor, or any considerable degree of skill, was required.   The questions of law were simple, and the facts not involved.   No great amount of research was required, and had but a small amount been involved, a

hundred dollars would no doubt have been considered a fair compensation for the services rendered, but custom seems to allow a fee somewhat in proportion to the amount in controversy. But why it should, is not obvious, where it requires no larger amount of labor or skill. In most cases where a large and valuable property is in litigation, the contest is more vigorous and the facts are more voluminous and complicated, and when that is the case, the compensation should be larger and in proportion to the labor and skill required.

Again, when large amounts are in dispute, there is, of course, more responsibility incurred, and for that something should, no doubt, be allowed. Two attorneys testify that $1000 would be a reasonable fee for the attorney, and we think that such a sum would be liberal, if not large. As we understand the evidence, the entire property, one-third of which was conveyed to the minor, and two-thirds to the children of her step-mother, was estimated to be worth about $60,000. Then, if we are right in this, but $40,000 was involved in the litigation, as no claim was made to the third that Sarah D. Broad owned. One witness, it is true, testified that the legal services were reasonably worth $10,000, which at $40,000, would be one-fourth of the value of the property, or if worth $60,000, then it would be one-sixth. The amount fixed by this witness is unreasonable, and to allow it would be flagrantly oppressive. If the property recovered was worth $40,000, then the amount reported by the master was almost nine per cent of its value. If the larger sum, then it was almost six per cent.

Courts have no power to be prodigal with the means of their wards, and whilst they should make just allowances, they are bound to see that their funds are protected. In this case, it was, so far as the record shows, the guardian *ad litem* that was asking the allowance, and not the attorney, and so far as disclosed, there was no one defending for the minor before the master. It is obvious that the guardian *ad litem* did not, as his claim was antagonistic to that of his ward.

In such cases, the better practice would seem to be, where the guardian *ad litem* is appointed and he believes that his ward has rights, for him to apply to the court for leave to employ counsel, and the court should, in granting leave, fix the amount that might, if required, be expended for the purpose of the defense, which, if it, from protracted litigation or otherwise, should prove insufficient, the court, on being satisfied of the fact, might increase the sum. In this manner the interest of the minor would be under the immediate control of the chancellor, who is the guardian of all wards of court. Courts of chancery are required to protect the interests of minors who are before them as litigants, and see that their weakness and incapacity to protect their rights, shall not operate to their injury, from the carelessness or improper conduct of parties, officers or others. This is a duty devolving on the chancellor that is generally recognized and acted upon.

The amount allowed and reported by the master for counsellors' fees, was too large, and the court did right in refusing to allow it, even if it could have done so under the law, but which we have seen could not be done.

The decree of the court below is affirmed.

*Decree affirmed.*