(August 31, 1891.)

# GOLD HUNTER MINING AND SMELTING COMPANY, v. HOLLEMAN, JUDGE.

### [27 Pac. 413.]

WRIT OF REVIEW—PARTIES TO—INTERVENER—RECEIVER—ACTION COMMENCED WHEN.

WHO ENTITLED TO WRIT OF REVIEW.—To entitle a petitioner to writ of review he must be a party to the suit or matter in controversy.

INTERVENER'S RIGHTS IN A SUIT.—That an intervener is a party to a suit, and his substantial rights are as sacred as the original party's and entitled to the same protection.

SAME.—That an intervener is entitled to a writ of review, equally with the original parties to the suit.

RECEIVER, WHEN CAN BE APPOINTED.—A receiver cannot be appointed prior to the commencement of an action.

ACTION, WHEN COMMENCED.—An action is not commenced until a complaint is placed in the hands of the clerk, or deposited in his office with directions to file the same.

SAME.—An action is not pending until it is commenced.

(Syllabus by the court.)

Woods & Heyburn, for Petitioner.

The suit must be actually pending to justify a court of equity in appointing a receiver. (*Baker v. Bachus,* 32 Ill. 79; *Bank v. Kent,* 43 Mich. 292, 5 N. W. 627; *Jones v. Schall,* 45 Mich. 379, 8 N. W. 68; *Hardy v. McClellan,* 53 Miss. 507; *In re Hancock,* 27 Hun, 575.) A suit in chancery is not begun until the filing of the bill, and, if a receiver is appointed upon *ex parte* application before the bill is filed, the appointment will be revoked upon appeal, without considering the merits of the application. (*Crowder v. Moone,* 52 Ala. 220; High on Receivers, 2d ed., sec. 83.) A general creditor before judgment is not entitled to a receiver against his debtor on whose property he has acquired no lien. (High on Receivers, sec. 406.) When the court makes a void crder appointing a receiver, it may be canceled by *certiorari.* (*French Bank Case,* 53 Cal. 495-553; *Bateman v. Superior Court,* 54 Cal. 285.) Where a court exceeds its jurisdiction in the appointment of a receiver, *certiorari* is the proper rem-

edy.   (*Bateman v. Superior Court,* 54 Cal. 285; *French Bank Case,* 53 Cal. 495.)

McBride & Allen, Albert Hagan and Charles W. O'Neil, for Respondent.

An intervener must accept the suit as he finds it.   (*Brown v. Saul,* 4 Mart., N. S., 434, 16 Am. Dec. 177.)   Nor can an intervener intrude into a case for the purpose of taking advantage of any irregularities therein.   (*Brown v. Saul,* 4 Mart., N. S., 434, 16 Am. Dec. 180; *Clamageran v. Bucks,* 4 Mart. N. S., 487, 16 Am. Dec. 185.)   Petitioner must have a pecuniary interest in the proceedings sought to be reviewed.   (*Parnell v. Commissioners,* 34 Ala. 278; *Watson v. May,* 6 Ala. 133; *Fraser v. Freelon,* 53 Cal. 644; *Dubbers v. Goux,* 51 Cal. 153; Idaho Code, sec. 4090.)   No third party or person not a party to the original suit can question the validity or regularity of the appointment of a receiver.   (Beach on Receivers, p. 570, sec. 633; *Tyler v. Willis,* 33 Barb. 327; *Powell v. Waldron,* 89 N. Y. 328, 42 Am. Rep. 301; *Whittlesey v. Frantz,* 74 N. Y. 456; *Bangs v. Duckinfield,* 18 N. Y. 592.)   Restraining orders and orders appointing receivers may be made, where the necessity arises, in advance of the filing of the complaint with the clerk.   (*Heyman v. Landers,* 12 Cal. 111; *Prader v. Purkett,* 13 Cal. 591; *Mining Co. v. Superior Court,* 57 Cal. 625; *Real Estate Associates v. Superior Court,* 60 Cal. 223; *Davis v. Reed,* 14 Md. 152; High on Injunctions, sec. 1583; 1 Van Santvoord's Equity Practice, 119; High on Receivers, sec. 83; *Morgan v. Quackenbush,* 22 Barb. 76.)

MORGAN, J.—The record in this case shows that, on the eighteenth day of December, 1890, the complaint of the Spokane National Bank, plaintiff, against Charles Hussey and David T. Ham, defendants, was presented to the Honorable Junius Holleman, judge of the district court of the first judicial district of this state, in an action then about to be commenced, for the foreclosure of a mortgage, given by the defendant Charles Hussey to the plaintiff, the Spokane National Bank, upon certain mining property, therein described as three mining claims, a concentrator and millsite, together with all water ditches, flumes

and a quantity of personal property used in connection with said real estate; that on said date the said judge made an order appointing Peter Porter a receiver in said action, of said mining claims and other property, with directions to said receiver to take possession of said property, providing also in said order that the same should take effect upon the receiver filing his bond, and the filing of the complaint in the action. On the same day the judge of said court appointed the said Porter receiver of certain other property of the defendant Charles Hussey, in the suit of McNab & Livers against Charles Hussey and the bank of Murray. On the nineteenth day of December, 1890, the complaint in the case of *Spokane National Bank v. Charles Hussey and David T. Ham,* and of *McNab & Livers v. Hussey and the Bank of Murray,* placed on file with the clerk of said court, and, upon filing bond, the receiver took possession of the property of the said Hussey, and, as directed, proceeded to work the mines. On the twenty-eighth day of February, 1891, the Gold Hunter Mining and Smelting Company filed its petition in intervention in the suit of *Spokane National Bank v. Hussey and David T. Ham,* was permitted to intervene, and thereby became a party thereto. Upon the return-day W. B. Heyburn appeared for the petitioner, and Messrs. McBride & Allen, Albert Hagan, and Charles O'Neil for the respondent. On the sixth day of May, 1891, the plaintiff herein filed his petition in this court against said district court for writ of review, alleging, among others, the above facts. The writ, being issued, was made returnable June 17, 1891. Respondents jointly filed their motion to quash the writ of review on the grounds (1) that the petition does not state facts sufficient to constitute a cause of action; (2) that petitioner is not a party beneficially interested; (3) petitioner is not a party to the suit of *McNab & Livers v. Charles Hussey and Bank of Murray,* and demurs upon the same grounds. The demurrer, motion to quash, and the main question arising upon the return of the writ were heard together by direction of the court. The court has arrived at the following conclusions: That the petition does state facts sufficient to constitute a cause of action; that the plaintiff herein not being a party to the

suit of *McNab & Livers v. Hussey and the Bank of Murray,* has not the right to ask review of any matters occurring in said cause, and as to said cause the writ is dismissed; that, having been allowed to intervene in the suit of *Spokane National Bank v. Hussey et al.,* it becomes a party thereto, and its rights are as comprehensive as the rights of the original parties to the suit, so far as any action of the court interferes with its substantial rights (see Idaho Rev. Stats., sec. 4111; *Lacroix v. Menard,* 3 Mart., N. S., 339, 15 Am. Dec. 161); that plaintiff herein is authorized to bring this writ. The main question, then, is, Did the judge of the district court, by his action on the eighteenth day of December, 1890, exceed his jurisdiction? Section 4329 of the Revised Statutes authorized a receiver to be appointed in certain cases, when an action is pending or has passed to judgment. An action cannot be pending until it has been commenced. Civil actions in the courts are commenced by filing a complaint. (Rev. Stats., sec. 4138.) Section 4068 of the Revised Statutes is as follows: An action is commenced when the complaint is filed. Section 4139 provides that the clerk must indorse on the complaint the day, month and year that it is filed. The complaint cannot be said to be filed until it is placed in the hands of the clerk, or in his office, for the purpose of receiving the above indorsement. It then becomes the duty of the clerk to make said indorsement thereon. The action is then commenced, is then pending, and the court or judge, as the case may be, then has jurisdiction of the subject matter, and may deal therewith according to law. The appointment of the receiver on the eighteenth day of December, 1890, in the cause of *Spokane National Bank v. Hussey and Ham,* was not within the power of the court, and was therefore void, because there was no suit then pending. (*Bank v. Kent,* 43 Mich. 292, 5 N. W. 627; *Jones v. Schall,* 45 Mich. 379, 8 N. W. 68.) We are not permitted to take into consideration the advantages or disadvantages of a discharge of the receiver, or of prosecuting the work upon the mines in question.

Sullivan, C. J., and Huston, J., concur.