[S. F. No. 4374. In Bank.—December 18, 1905.]

## A. ARONSON, Appellant, v. HENRIETTA LEVISON et al., Respondents.

APPEAL—JUDGMENT DIRECTING PAYMENT TO GUARDIAN AD LITEM—JURISDICTION OF SUPREME COURT.—In an action to quiet title the court at the instance of the plaintiff appointed a guardian *ad litem* to represent an infant defendant. After the hearing in the trial court, and before the rendition of judgment, on the motion of the guardian *ad litem*, of which notice was given to the plaintiff, the court ordered the plaintiff to pay him the sum of two hundred dollars for his services as guardian. Thereafter the court entered judgment in favor of the plaintiff, quieting his title to the premises in question, and added to the judgment a direction that the plaintiff pay the guardian two hundred dollars for his services as such. On appeal by the plaintiff from such portion of the judgment, *held,* by Van Dyke, J., McFarland, J., and Lorigan, J., that the appeal was not from an order made after final judgment, but from a portion of the judgment itself, and for costs or expenses of the action not amounting to three hundred dollars, and that the supreme court had no jurisdiction of the appeal. *Held,* by Shaw, J., Beatty, C. J., Angellotti, J., and Henshaw, J., that the order is in effect an independent judgment in favor of the guardian *ad litem* against the plaintiff, and that the supreme court had no jurisdiction of an appeal therefrom, as its jurisdiction on appeal from money judgments is limited to cases where the judgment amounts to two thousand dollars, and cannot transfer it to the district court of appeal, as the appellate jurisdiction of that court in such cases is limited to cases in which the judgment amounts to three hundred dollars and does not amount to two thousand dollars.

MOTION to dismiss an appeal from a portion of a judgment of the Superior Court of the City and County of San Francisco. J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

Edward Mills Adams, and Charles W. Slack, for Appellant.

George E. Merrill, for Respondents.

VAN DYKE, J.—This is a motion to dismiss the appeal. The appellant, plaintiff in the court below, brought an action to quiet title as to certain real estate in the city and county of San Francisco, and among the defendants in said action was Robert John Levison, a minor. On the application of the plaintiff in the court below to have a guardian *ad litem* appointed for said minor defendant, the court appointed George B. Merrill, an attorney in said city and county, as such guardian *ad litem*. After the hearing of the cause in the court below, before rendition of judgment, said Merrill, as guardian *ad litem,* applied to the court, upon notice to the plaintiff, to fix his compensation as such guardian *ad litem* of Robert J. Levison, minor. In accordance with said notice, the court, after hearing, the plaintiff being present, ordered that the plaintiff pay to said George B. Merrill the sum of two hundred dollars for his services as guardian *ad litem.* Thereafter the court entered judgment in favor of the plaintiff, quieting his title to the premises in question, and added to said judgment as part thereof the following, to wit: "And a guardian *ad litem* for said defendant Robert J. Levison, a minor, having been appointed in this action upon the application of said plaintiff, it is ordered that said plaintiff pay to said George B. Merrill, Esq., guardian *ad litem* as aforesaid, the sum of $200 for his services as guardian *ad litem.*" The plaintiff, as stated in his notice, "appeals to the supreme court of the state of California from the part hereafter set forth of the judgment and decree heretofore duly given and made by said court in the above-entitled action, dated and filed May 15, 1905. . . . Said part of the judgment and decree so appealed from is in the following words and figures, to wit: [Then reciting the portion of the judgment already referred to, ordering the payment by the plaintiff to the guardian *ad litem* of the sum of $200 for his services as such guardian.]"

The respondent Merrill moves the court to dismiss the appeal on the ground that no appeal is provided by law from the part of the judgment as mentioned in the notice of appeal.

The portion of the judgment ordering the payment to the guardian *ad litem,* appointed at the request of the plaintiff, is not, properly speaking, a part of the judgment on the merits of the case. This is practically admitted on the part of the appellant. The compensation of the guardian *ad litem* is in the nature of expenses or costs, and an incident to the action, and forms no part of the cause of action or defense thereto. The appellant seems to rely upon *Harron* v. *Harron,* 123 Cal. 508, [56 Pac. 334]. That case reviews and over-rules the previous cases of *Langan* v. *Langan,* 83 Cal. 618, [23 Pac. 1084], and *Fairbanks* v. *Lampkin,* 99 Cal. 429, [34 Pac. 101]. In *Harron* v. *Harron,* as stated in the opinion, "The order appealed from is a special order made after final judgment." Such an order is made appealable by an express provision of statute (Code Civ. Proc., sec. 939), and the jurisdiction to entertain the appeal is not dependent upon the amount of money named in the order. In the Encyclopedia of Pleading and Practice (vol. 10, p. 685) it is said: "Under the statutes of some states the plaintiff, or the person who procured the appointment of the guardian *ad litem,* is required to pay the latter's costs and expenses." And in *Smith* v. *Smith,* 69 Ill. 308, the court say: "Under the Illinois statute the guardian *ad litem* is to be paid by the party on whose motion he was appointed, and to be taxed in the bill of costs." And in *Snyder* v. *Fidelity Trust,* 14 Ky. L. Rep. 615, it is held: "A guardian *ad litem* is to be allowed a reasonable fee to be paid by the plaintiff and taxed as costs." And in *Carter* v. *Montgomery,* 2 Tenn. Ch. 455, it is said: "The party beneficially interested is compelled to bring the infant into court, and must pay necessary expenses of the proceedings, including reasonable compensation to the guardian *ad litem* in the nature of taxable costs." "Costs are those expenses incurred by parties in prosecuting or defending suits or proceedings in law or equity which are recognized and are allowed by law." (5 Ency. Plead. & Prac. 106.) In this case no memorandum of such costs was required to be made by the guardian *ad litem* as in ordinary cases after entry of judgment, as the matter was fixed by the court before the entry of judgment and decree, and incorporated in said judgment, as already shown. The appeal not being from an order made after final judgment, but from a portion

of the judgment itself, and for costs or expenses of the action not amounting to three hundred dollars, this court has no jurisdiction of the appeal.

The appeal must therefore be dismissed, and it is so ordered.

McFarland, J., and Lorigan, J., concurred.

SHAW, J.—I concur in the judgment dismissing the appeal. Properly speaking, the order making the allowance against the plaintiff for the services of the guardian *ad litem* of the defendant Robert John Levison, appointed as such upon the motion of the plaintiff, is not a part of the judgment in favor of the plaintiff and against the defendants. Neither the other defendants nor the minor defendant were parties to the proceeding upon which said allowance was made. It was not allowed as part of the costs in the cause taxable in favor of the plaintiff, nor as costs in any sense, and the amount allowed was not in fact taxed as costs either against the plaintiff or the defendants, nor included in any judgment in favor of the plaintiff against the defendants. The case simply amounts to this: That the plaintiff procured Mr. Merrill to act in his behalf by taking the appointment of guardian *ad litem* for a minor defendant in the action. For the services thus performed at plaintiff's request the plaintiff would perhaps be responsible to the extent of their reasonable value. Whether or not the court has jurisdiction in the action in which such services are rendered to make an order fixing the amount of such services rendered by the guardian *ad litem,* and to make an order that the party who procured the appointment should pay the amount fixed to the person who served as guardian *ad litem,* is a question which need not be here decided. There is an intimation to the effect that the court may have power to make such an allowance against the estate of the ward in *Cole* v. *Superior Court,* 63 Cal. 90, [49 Am. Rep. 78]. Aside from this, I know of no authority on the subject. But even if the court has jurisdiction to make such an order, it is not a part of the proceedings between the plaintiff and the defendant. The guardian *ad litem* could perhaps maintain an independent action against the party procuring his appointment to recover the value of his services. The fact that the order was made in the course

of an auxiliary proceeding in the action in which the services were rendered makes it no more a part of the judgment as between the parties, or of an order after such judgment, than would be a judgment in an independent action to recover for such services. The reason why this court has no jurisdiction of the appeal in the present case is that the order is in effect an independent judgment in favor of George B. Merrill against A. Aronson for the sum of two hundred dollars in money, and that the jurisdiction of this court on appeals from money judgments is limited to cases where the judgment amounts to two thousand dollars, and that the appellate jurisdiction of the district courts of appeal in such cases is limited to cases in which the judgment amounts to three hundred dollars and does not amount to two thousand dollars; and hence we can neither entertain the appeal in this court nor, under the provision of the late amendment to the constitution, transfer it to the district court of appeal for consideration in that court.

Beatty, C. J., Angellotti, J., and Henshaw, J., concurred in the opinion of Justice Shaw.