(September 7, 1912.)

## ELMORE COUNTY IRRIGATED FARMS ASSOCIATION, Plaintiff, v. C. O. STOCKSLAGER, Judge, et al., Defendants.

### [126 Pac. 616.]

WRIT OF REVIEW—JURISDICTION—ORDER FOR WRIT OF INJUNCTION—FILING OF COMPLAINT.

#### (Syllabus by the court.)

1. When a restraining order or an injunction is sought upon the complaint itself, before it has been filed, and the judge makes an order directing the writ to issue, such practice is regular, and not in conflict with our statutes.

2. In such case the order allowing the writ does not take effect until the filing of the complaint and the required undertaking.

3. Sec. 4287, Rev. Codes, defines a writ of injunction, and sec. 4289 prescribes when and upon what papers a writ of injunction may issue.

4. Under the provisions of sec. 4329, Rev. Codes, a receiver cannot be appointed until an action is pending or has passed to judgment.

5. The order directing the writ of injunction to issue is not the writ.

STEWART, C. J., dissenting.

Original action for a writ of review to review the action of a district judge in making an order for a writ of injunction.

Writ issued and the action of the district court *affirmed.*

E. M. Wolfe, for Plaintiff, files no brief.

W. C. Howie, for Defendants.

The fact that the bill was not filed until after the injunction was ordered is not sufficient ground for a reversal of the order, such omission being at the most but a mere irregularity which does not affect the merits of the cause. (2 High on Injunctions, sec. 1583; 1 Joyce on Injunctions, secs. 140, 142;

*Ex parte Sayre,* 95 Ala. 288, 11 So. 378; *Davis v. Reed,* 14 Md. 152; *Universal Sav. & T. Co. v. Stoneburner,* 113 Fed. 251, 51 C. C. A. 208; 2 Sutherland, Pleading, Practice and Forms, sec. 2838; *Heyman v. Landers,* 12 Cal. 107; 10 Ency. Pl. & Pr., 920; 22 Cyc. 957.)

SULLIVAN, J.—This action was brought ·by the plaintiff for a writ of review to Hon. Charles O. Stockslager and Hon. Edward A. Walters, judges of the fourth judicial district, for the purpose of reviewing the action of Judge Stockslager in granting an order for an injunction. The writ was granted and the cause was heard upon the complaint and the records and files in said proceedings.

It is alleged in the complaint that on the 16th day of August, 1912, Judge Stockslager made and signed a certain temporary injunction. This allegation is not sustained by the record, as only an order for the writ to issue was signed on that date. It was also alleged that the complaint in the action in which said order was made was not filed until the 17th day of August, 1912; that on the said date the summons in said action was issued and a bond in the sum of $10,000 was filed with said clerk, and thereupon the writ of injunction was issued by the clerk; that at the time of making said order there was no action pending in said court in which said judge was authorized to make said order, and for that reason the said judge did not have jurisdiction to make said order, as he did not have jurisdiction of the subject matter or of the defendant; that application was made to Judge Stockslager for an order to show cause why the plaintiff and its agents should not be punished for contempt for violation of said injunction, and that said order was made returnable before Hon. Edward A. Walters, at chambers in the town of Shoshone, and the plaintiff prays for the writ as above stated.

Said defendants made proper return to said writ, and on the hearing the only question presented for determination was whether the issuance of the order directing the writ of

injunction to issue was void because signed before the complaint was filed by the clerk of the court.

The order directs the clerk to issue the writ of injunction in accordance with said order upon the plaintiff's executing and filing with the clerk a written undertaking in the sum of $10,000, with sufficient sureties, in accordance with the statute in such cases made and provided. Said order was made at Hailey, in Blaine county, and the action was commenced in Elmore county. On the 17th of August, 1912, the day after said order was signed, the complaint was filed with the clerk of the court in Elmore county, and a written undertaking in the sum of $10,000 was also filed. Thereupon the clerk of said court issued said writ of injunction in accordance with said order. The writ was issued after the action was commenced.

Sec. 4287, Rev. Codes, corresponds to sec. 525 of the Code of Civil Procedure of California, and defines what a writ of injunction is, and also provides who may grant it. Sec. 4289, Rev. Codes, prescribes the time at which an injunction may be issued, and provides that certain things must be done to obtain it, and is the same as sec. 527 of the California Code of Civil Procedure. Under the California Practice Act, in *Heyman & Co. v. Landers et al.,* 12 Cal. 107, it was held that when an order for an injunction is sought upon the complaint itself, it was the usual practice to present the complaint in advance of its filing to the judge and obtain the order for or the allowance of the writ, and it was held that such practice is regular and not in conflict with the statutes of that state. Justice Field prepared the opinion in that case, and states as follows:

"The order [for injunction] could only take effect upon the filing of the complaint, and the bond or undertaking required, and it was unnecessary to delay the application to the judge until after the complaint had been filed. When a restraining order or an injunction is sought upon the complaint itself, it is the usual practice to present the complaint, in advance of the filing, to the judge, and obtain the order or allowance of the writ; and with this practice the statute does not conflict."

Our attention has not been called to any decision from the supreme court of the state of California. where this question has been raised in that state, since the decision of the *Heyman v. Landers* case was rendered.   That evidently settled the practice in that state and has been the rule ever since. As I understand it, the practice there indicated by Judge Field is the practice that generally obtains in this state.   In many cases where an injunction is sought to restrain the defendant in the action from doing a particular act, if the complaint were required to be filed before it was presented to the judge for an order, who may reside a considerable distance from the county seat of the county in which the action is brought, the defendant would be thus informed of the very object and purpose of the action, and would, no doubt, in many cases perform the very acts sought to be enjoined before the writ of injunction could be obtained, and the purpose of the suit be thus defeated.   It is true the writ of injunction cannot be legally issued until after the filing of the complaint and the bond required.   The order for the issuance of the writ is not the writ, and is of no force or effect until the complaint and undertaking required have been filed.   Then it is valid as an order to the clerk to issue the writ.

It is stated in sec. 1583, 2 High on Injunctions, as follows:

''The fact that the bill was not filed until after the injunction was ordered is not sufficient ground for a reversal of the order, such omission being at the most but a mere irregularity which does not affect the merits of the cause.''

And in sec. 140, 1 Joyce on Injunctions, it is stated: ''It is said that the practice of granting injunctions before the filing of the bill has been quite common in the counties of Maryland, though there was a rule prohibiting such practice in the Maryland chancery; the omission so to file is deemed a mere irregularity for which the order ought not to be reversed.''

And in sec. 142 of the same work, it is stated as follows: ''Though it is the usual and better practice to present the bill or complaint to the judge at the time of applying for the injunction, yet the fact that the bill was not so presented to the judge and was not filed, and that the summons was not

424    Elmore Co. etc. Assn. *v.* Stockslager.    [22 Idaho,

Opinion of the Court—Sullivan, J.

issued until after the injunction was ordered, is a mere irregularity which does not itself invalidate the injunction.''

In *Ex parte Sayre,* 95 Ala. 288, 11 So. 378, it was held that a fiat or order for an injunction, granted by the judge to whom the bill was presented, before being filed in court, is not void, but a mere irregularity, and in that case the court cites *Heyman v. Landers, supra,* and cites and comments on a number of other cases bearing on the question under consideration.

It was held in *Davis v. Reed,* 14 Md. 152, that the fact that the bill was not filed until after the injunction was ordered was at most a mere irregularity, which could not operate as a reversal of the order granting it. It would appear from the language used in that decision that the practice there referred to had obtained for a long time, and the court there holds that where a practice has become settled, it is better to adhere to it until changed by a prospective rule than to incur the risk of doing injustice to a party who may have followed it, and especially where the opposite side has not been injured by the alleged irregularity.

No doubt, in the several district courts of this state the practice laid down in the Heyman-Landers case, *supra,* has been followed, and to reverse that rule at this time might result in disaster to litigants, and if it is desirable to change that rule, it would be much better for the legislature to make the change than for this court to change it. (As bearing on this case, see, also, *Universal Sav. & T. Co. v. Stoneburner,* 113 Fed. 251, 51 C. C. A. 208.)

It is stated in sec. 4231, 3 Estee's Pl. & Pr., and also in sec. 2838, 2 Sutherland Pl. & Pr. and Forms, to the effect that where a restraining order or injunction is sought upon the complaint itself, it is the usual practice to present the complaint in advance of the filing to the judge, and obtain the order or allowance of the writ, and that such practice is regular and not in conflict with the statute; and that in such cases the order does not take effect until the filing of the complaint and the required undertaking. (See, also, 10 Ency. Pl. & Pr. 920; 22 Cyc. 957.)

The plaintiff in this proceeding relies upon the decision of this court in the case of *Gold Hunter Mining & S. Co. v. Holleman, Judge,* 3 Ida. 99, 27 Pac. 413, where it is held that the action of the district judge in appointing a receiver before the action was commenced was void. It was there held that the provisions of sec. 4329, Rev. Stat., authorized a receiver to be appointed in certain cases where an action is pending or has passed to judgment, and that an action could not be pending until the complaint was filed. That statute prohibits the appointment of a receiver until the action in which he is sought to be appointed has been commenced, and under the statute an action is commenced by filing a complaint, but there is no provision of our statute prohibiting a judge from making an order granting a writ of injunction upon a complaint presented to him. The order granting the writ is not the writ. The judge does not issue the writ of injunction, but directs the clerk to do so, and the clerk is not authorized to issue that writ until the complaint and the required undertaking are filed with him. There is a clear distinction between the granting of an order for the issuance of a writ of injunction, which has no force or effect until the complaint is filed, and the appointment of a receiver before the action is begun. In the latter case the appointment is prohibited until the action is commenced.

The court had jurisdiction to make said order, and its action therein is *affirmed.* Costs are awarded to the defendants.

Ailshie, J., concurs.

STEWART, C. J., Dissenting.—I am unable to agree with the majority opinion in its holding that a judge of the district court has jurisdiction to sign an order for an injunction to be issued by the clerk, in an action which has not been commenced and is not in existence, at the time the order is granted by such judge.

Sec. 4068, Rev. Codes, provides: "An action is commenced within the meaning of the title, when the complaint is filed." The record in this case shows that the complaint in the action in which the trial court assumed to make an order for

an injunction, and in which the clerk issued an injunction, was filed on August 17, 1912, and on the same day the injunction was issued, and that the order upon which such injunction was issued was signed by the district judge on the 16th of August, 1912, and filed on the 17th of August. Sec. 4287, Rev. Codes, provides that an injunction is a writ or order requiring a person to refrain from a particular act. It may be *granted* by the court *in which the action is brought* or by the judge thereof. In this case the order for the injunction was granted by the judge, and sec. 4289, Rev. Codes, provides: "The injunction may be *granted* at the time of issuing the summons, upon the complaint, and at any time afterward, before judgment, upon affidavits."

Thus it will be seen that the clerk has no authority to issue an injunction without it be *granted* by the court or by the judge, and it may be *granted* at the time of issuing the summons upon the complaint. If it can be granted only at the time of issuing the summons upon the complaint, the complaint must necessarily be filed, because the summons cannot be issued until the complaint is filed. This latter section authorizes the injunction to be granted at the time of issuing the summons upon the complaint, and the granting of the injunction is an act of the judge. Therefore, the judge cannot grant an injunction, under the express and absolute language of this statute, except at the time of issuing the summons upon the complaint, or afterward before judgment upon affidavits.

The supreme court of this territory had under consideration the appointment of a receiver, in the case of *Gold Hunter Mining etc. Co. v. Holleman,* 3 Ida. 99, 27 Pac. 413, and the question arose whether the judge of the district court had jurisdiction to appoint a receiver before the complaint was filed, and this court said: "Sec. 4329 of the Revised Statutes authorizes a receiver to be appointed in certain cases, when an action is pending or has passed to judgment. An action cannot be pending until it has been commenced. Civil actions in the courts are commenced by filing a complaint. (Rev. Stats., sec. 4138.) Section 4068 of the Revised Statutes is as follows:

'An action is commenced when the complaint is filed.' Section 4139 provides that the clerk must indorse on the complaint the day, month and year that it is filed. The complaint cannot be said to be filed until it is placed in the hands of the clerk, or in his office, for the purpose of receiving the above indorsement. It then becomes the duty of the clerk to make said indorsement thereon. The action is then commenced, is then pending, and the court, or judge, as the case may be, then has jurisdiction of the subject matter, and may deal therewith according to law. The appointment of the receiver on the 18th day of December, 1890, in the cause of *Spokane National Bank v. Hussey and Ham,* was not within the power of the court, and was therefore void, because there was no suit then pending."

The majority opinion attempts to distinguish between that case and the one now under consideration by stating that the act under consideration in that case prohibited the appointment until the action is commenced. This distinction is certainly without any difference, and clearly is not supported by the language of the respective statutes. Sec. 4329 of the Rev. Codes, which authorizes the appointment of a receiver, says: "A receiver may be appointed by the court in which an action is pending or has passed to judgment, or by the judge thereof." The sections of the statute authorizing the issuing of an injunction say: "The injunction may be granted by the court in which the action is brought, or by the judge thereof"; and sec. 4289 says: "The injunction may be granted at the time of issuing the summons, upon the complaint. . . . . " If this language does not mean that there must be an action pending, then I am unable to understand what is meant by these two sections of the statute, because if an injunction may be granted in a court in which the action is brought, and can only be granted at the time of issuing the summons, and the summons cannot be issued until the complaint is filed, then there must certainly, under the provisions of the statute, be an action pending, and the reasoning falls clearly within the case decided above.

I am well aware of the language used by the California supreme court in the case of *Heyman v. Landers,* 12 Cal. 107,

cited in the majority opinion, and a perusal of that case clearly demonstrates to any reasonably thinking person that the court did not consider the provisions to which I have alluded above in secs. 4287 and 4289 of the Rev. Codes of this state, and no system of reasoning or theory can bring that case within such provisions. No other state has ever construed the provisions of a statute such as we have in this state, and the general principles laid down in the text-books, to which reference has been made in the majority opinion, have no application to the provisions of our statute. Neither am I aware of any general practice prevailing in this state of applying to district judges for an injunction, where no cause of action is pending. Even if such practice does prevail, it cannot operate to set aside and repeal the laws of this state. These are clear and specific statutory provisions, and this court should enforce them, and should not recognize a principle of construction adopted by California which is clearly in violation of our statutes, and I do not believe that California has followed such practice, because the case cited from that state has never been referred to in any subsequent California decisions. To my mind this question is so clear, and the statutes are so plain which are involved, that it requires no exhaustive discussion of the subject. I therefore dissent from the discussion and the conclusion announced in the majority opinion.