(July 7, 1919.)

## JOHN T. REINERTSEN et al., Respondents, v. IDAHO POWER AND CONCENTRATING COMPANY, LTD., et al., Appellants.

[182 Pac. 851.]

PLEADING AND PRACTICE—INJUNCTION—CORPORATIONS—NONASSESSABLE STOCK.

1. Where an injunction is sought upon a complaint before the filing thereof, an order granting the injunction does not take effect until the filing of the complaint and the required undertaking.

2. Where a conditional order for injunction is obtained, which requires some action on the part of the party seeking the same to make the order effective, there can be no disobedience of such order until it has taken effect.

3. A contract between a corporation and its stockholders, that the corporate stock held by them shall be nonassessable, may be made, and it is not necessary that such contract be evidenced by the certificates of stock, but it may be proved by any competent evidence.

APPEAL from the District Court of the Eighth Judicial District, for Bonner County. Hon. John M. Flynn, Judge.

Action for injunction. Judgment for plaintiffs. *Reversed and modified.*

Sidney H. Smith, for Appellants.

The order for the issuing of the writ is not the writ, and is of no force and effect until the complaint and undertaking have been filed. (*Elmore County Irrigated Farms Assn. v. Stockslager,* 22 Ida. 420, 126 Pac. 616; 10 Ency. of Pl. & Pr. 920; 22 Cyc. 957; *Gold Hunter Mining etc. Co. v. Holleman,* 3 Ida. 99, 27 Pac. 413.)

An injunction is void unless the undertaking be given by plaintiff as required by sec. 4291. (*MacWatters v. Stockslager,* 29 Ida. 803, 162 Pac. 671; *Wiles v. Northern Star Min. Co.,* 13 Ida. 326, 89 Pac. 1053.)

. The defendant will not be punished for doing acts which are not within the terms of the injunction, or where there is no injunction, or where the injunction has not taken effect. (10 Ency. of Pl. & Pr. 1108; *Winslow v. Nayson,* 113 Mass. 411.)

Peter Johnson and F. A. McCall, for Respondents.

When there is an agreement between the stockholders and the corporation, incorporated in the articles, by-laws or minutes of the corporation or otherwise, which is understood by all and can be proven, or when the words "fully paid and nonassessable" are printed on the stock, it cannot be arbitrarily assessed by the directors of an Idaho corporation. Appellants having had notice that an injunction order had been executed by Judge Dunn restraining them from selling' respondent's stock in its company were bound thereby. (*Farnsworth v. Fowler,* 1 Swan (Tenn.), 1, 55 Am. Dec. 718; *Dowagiac Mfg. Co. v. Minnesota Moline Plow Co.,* 124 Fed. 736; *Universal Savings & Trust Co. v. Stoneburner,* 113 Fed. 251, 51 C. C. A. 208; 22 Cyc. 1013; *Golden Gate Con. Hydraulic M. Co. v. Superior Court,* 65 Cal. 187, 3 Pac. 628; *White v. Nunan,* 60 Cal. 406, 410; Ency. of Pl. & Pr. 1027, 1101; *People ex rel. Darby v. District Court,* 19 Colo. 343, 35 Pac. 731; *Wall v. Basin Mining Co.,* 16 Ida. 313, 101 Pac. 733, 22 L. R. A., N. S., 1013; *Mantle v. Jack Waite Min. Co.,* 24 Ida. 613, 135 Pac. 854, 136 Pac. 1130; *City of Detroit v. Detroit C. St. Ry. Co.,* 184 U. S. 368, 22 Sup. Ct. 410, 46 L. ed. 592, see, also, Rose's U. S. Notes; *Omaha Water Co. v. City of Omaha,* 147 Fed. 1, 11, 8 Ann. Cas. 614, 77 C. C. A. 267, 12 L. R. A., N. S., 736; *Garey v. St. Joe Mining Co.,* 32 Utah, 497, 91 Pac. 369, 12 L. R. A., N. S., 554.)

RICE, J.—This action was instituted to obtain an injunction against the officers of the Idaho Power & Concentrating Company, Ltd., an Idaho corporation, prohibiting the sale of certain of the corporate stock thereof for nonpayment of assessments. The complaint alleged that the stock was non-

assessable, and also set forth certain alleged irregularities in the proceedings leading up to the sale.

According to the published notice, the sale was to be held at Sandpoint, at 3 o'clock in the afternoon of the twelfth day of May, 1917. It appears that a few hours prior to this time, a complaint was presented to one of the judges of the district court of the eighth judicial district at Coeur d'Alene, who signed an order directing the clerk to issue an injunction upon the filing of a bond to be approved by the clerk or himself. The record also shows that a bond was approved by the judge on the same day. The complaint, however, was not filed until 4:45 in the afternoon of that day, whereupon the writ of injunction was issued.

It further appears that a short time prior to commencement of the sale, F. A. McCall, prosecuting attorney, Bonner county, and attorney for respondents, notified the officers of the corporation that he had talked with Judge Dunn over the telephone, and had been notified by him that an injunction had been issued. Notwithstanding the notice given by McCall, the sale proceeded and the stock was sold to the corporation before the complaint was filed.

An answer was thereafter filed, alleging that the sale had been held pursuant to the published notice, and the case was tried before the court without a jury. At the opening of the trial the attorney for appellants moved the court to dismiss the action, for the reason that the complaint alleged a threatened sale of the stock and sought relief only by injunction; that the sale had already taken place when the complaint was filed, and respondents had not amended their pleadings so as to attack the sale or ask to have it set aside. The motion was denied.

In the case of *Elmore County etc. Assn v. Stockslager,* 22 Ida. 420, 126 Pac. 616, it was held that an order for injunction may be sought upon a complaint before it has been filed, but that in such a case the order allowing the writ does not take effect until the filing of the complaint and the required undertaking.

In the case of *Winslow v. Nayson*, 113 Mass. 411, a bill had been presented, before filing, to a justice of the court, who ordered that upon the filing thereof an injunction should issue. The court said: "The order for injunction was conditional upon the filing of the bill. Until the bill had been filed, no injunction was granted. . . . . There can certainly be no disobedience of an order which has not taken effect."

The notice given by McCall to the officers of the corporation had no binding effect, because at that time no injunction had issued, nor was an order made for an immediate issuance of an injunction. Whether there would be an injunction was conditioned upon the filing of the complaint and the commencement of an action. (*Elmore County etc. Assn. v. Stockslager, supra.*)

The court found that the stock was in fact nonassessable. The evidence in the case amply supports the finding. The minutes of the organization meeting of the stockholders, as well as of the first meeting of the board of directors, were introduced in evidence, and it appears, therefrom, that practically all of the outstanding stock of the corporation was issued in payment of certain property, and that it was agreed that the stock so issued should be considered fully paid and nonassessable. The first 250 certificates issued, however, did not contain upon their face the words "fully paid and nonassessable," but all certificates issued thereafter contained those words. The shares of stock which were sold in this instance were nonassessable on their face, but it is shown that they were issued in lieu of stock certificates which by their terms did not contain the words "fully paid and nonassessable."

In the case of *Wall v. Basin Mining Co., Ltd.*, 16 Ida. 313, 101 Pac. 733, 22 L. R. A., N. S., 1013, it was held in effect that where a corporation issues certificates of stock, and prints thereon as a part thereof the word "nonassessable," such word becomes a matter of agreement and a part of the contract between the corporation and the stockholder, and may be enforced by the stockholder against the right of the corporation to assess such stock.

We think the nonassessability of corporate stock must be the result of a contract between the corporation and its stockholders, and it is not necessary that such contract be evidenced by the certificates of stock, but it may be proved by any competent evidence.   (See *Mantle v. Jack Waite Mining Co., Ltd.,* 24 Ida. 613, 135 Pac. 854, 136 Pac. 1130.)   The court having found that such a contract was made with reference to the stock involved in this action, it was justified in concluding that the stock was nonassessable.

By its judgment in this case, the court made the injunction permanent, and decreed the cancelation of the sale of the stock, apparently upon the theory that the sale had been made in violation of the order for injunction outstanding, of which the officers of the corporation had notice, and was therefore void.

As we have seen, the sale was not void for that reason.

There is, therefore, nothing in the record which will sustain the judgment canceling and setting aside the sale of the stock. There is an entire absence of any averment in the complaint that the stock had been sold.   Where there is an entire absence of a material allegation in a complaint, as distinguished from a defective statement of the necessary averment, the allegations of an answer do not cure the defect.   (*Arnold v. American Ins. Co.,* 148 Cal. 364, 84 Pac. 182, 25 L. R. A., N. S., 6; 31 Cyc. 716.)

The judgment is reversed, with directions to the trial court to permit respondents to amend their complaint and take such further proceedings as are not in conflict with this opinion. Costs awarded to appellants.

Morgan, C. J., and Budge, J., concur.