[No. 13593. In Bank. — October 1, 1890.]

CHRISTINA L. LANGAN, Appellant, *v.* JOHN A. LANGAN, Respondent.

Alimony — Appealable Order. — An order of the superior court requiring the husband in an action for divorce to pay the wife twenty-five dollars each month for her support is a continuing order, under which the payment of more than three hundred dollars may be enforced, and is therefore an appealable order.

Id. — Vexatious Appeal — Dismissal. — An appeal from an order allowing alimony will not be dismissed on motion of the respondent because it is vexatious, and merely intended to deprive the plaintiff of the means of support pending the litigation.

Id. — Advancement of Appeal — Penalty for Delay. — To prevent the suspension of the payment of alimony for a long time because of the taking of an appeal from the order allowing it, on application of the respondent, the appeal in such a case will be placed on the next court calendar made up after the filing of the transcript, and when an appeal is found to have been taken for delay the usual penalty will be imposed.

Motion to dismiss an appeal from an order of the Superior Court of the city and county of San Francisco granting alimony.

The facts are stated in the opinion of the court.

*Matthews & Morse,* for Appellant.

*John E. Sundstrom,* and *Manuel Eyre,* for Respondent.

BEATTY, C. J.—This is an action for divorce in which the superior court has made two orders for temporary alimony, one requiring the defendant to pay to the plaintiff twenty-five dollars each month for her support, and another requiring him to pay her one hundred and fifty dollars for counsel fees. Separate appeals were taken from each order. The appeal from the second order was ·dismissed on motion of respondent, because the amount involved was too small to give the court jurisdiction. (83 Cal. 618.) Respondent now moves to dismiss the appeal from the first order on the same ground. But the order to pay twenty-five dollars a month is a continuing order, under which the payment of more than three hundred dollars may be enforced, and it is therefore within the appellate jurisdiction of this court. If it had been so limited by its terms that it could not be enforced for so much as three hundred dollars, the case would have been different; but as it is, the motion to dismiss must be denied.

It has been suggested that this appeal is vexatious, and merely intended to deprive the plaintiff of the means of support pending the litigation. This may or may not be true of this case, but it is obvious that in like cases vexatious appeals may be prosecuted, especially if it is understood that the taking of an appeal will suspend the payment of alimony for a long time, and thereby inflict great hardship upon a party having no other means of support. To prevent this inconvenience as far as possible, we have determined to expedite the hearing of appeals in this class of cases. Hereafter, on application of respondent, they will be placed on the next calendar made up after the filing of the transcript,

and when an appeal is found to have been taken for delay the usual penalty will be imposed.

Motion denied.

SHARPSTEIN, J., McFARLAND, J., and FOX, J., concurred.