[No. 15130. Department Two.—August 31, 1893.]

## LEWIS H. FAIRBANKS, APPELLANT, *v.* W. P. LAMP-KIN ET AL., RESPONDENTS.

COSTS — TAXATION AFTER JUDGMENT — NON-APPEALABLE ORDER — AMOUNT IN CONTROVERSY — JURISDICTION OF SUPREME COURT. — An order made after final judgment taxing a cost bill, is a separate independent proceeding, and when the whole amount involved is less than three hundred dollars, such order is not appealable, and the supreme court has no jurisdiction of an appeal therefrom, the amount in controversy being insufficient to confer jurisdiction under the constitution.

APPEAL from an order of the Superior Court of Mendocino County taxing costs.

The facts are stated in the opinion of the court.

*J. A. Cooper,* and *J. M. Mannon,* for Appellant.

*T. L. Carothers,* and *J. H. Seawell,* for Respondents.

McFARLAND, J.—This is an appeal from an order made after final judgment taxing a cost bill, the whole amount of the bill being only $171.20.

We do not think that this court has jurisdiction of the appeal, for the reason that the amount involved is less than $300. We strongly intimated this conclusion in *Sellick* v. *De Carlow,* 95 Cal. 644; and further consideration satisfies us that the intimations given in the opinion in that case should be taken as a correct statement of the law on the subject.

Section 47, article VI. of the state constitution, provides that: "The supreme court shall have appellate jurisdiction in all cases . . . . at law . . . . in which the demand, exclusive of interest . . . . amounts to $300"; and no doubt the rule has been too firmly settled to be now disturbed, that on an appeal from a final judgment in an action to recover money, jurisdiction depends upon the "demand" made by plaintiff — upon the *ad damnum* clause of the complaint. But that rule should not be extended further than previous decisions necessarily carry it. An order made after final judgment is a separate independent proceeding; and where it involves money only, and the amount involved is less than $300, this court has no jurisdiction, under the constitution, of an appeal from such order. Such an appeal

has been sustained in one or two instances where the point was not brought to the attention of the court; but in no case has the point been raised and determined in favor of the jurisdiction. In *Schallert-Ganahl L. Co.* v. *Neal,* 94 Cal. 192, the only question involved was whether a certain order should be considered as a part of the final judgment, or as an order made after final judgment; but there was no question raised or decided which called for a consideration of the *amount* of money involved in the order. And the point under discussion was not raised in any of the other cases decided by this court to which our attention has been called.

On the other hand, in *Langan* v. *Langan,* 83 Cal. 618, which was an independent appeal from an order allowing an attorney's fee in a divorce suit, this court, sitting in Bank, held without any dissent that "the appeal from the order allowing $150 counsel fee must be dismissed because the amount in dispute is too small to give this court jurisdiction." And in *Oullahan* v. *Morrissey,* 73 Cal. 297, the court, sitting also in Bank, delivered the following opinion:—

"The COURT.—The plaintiff having consented to the entry of the judgment against himself, cannot appeal from it, or if he can, can only be heard as to that portion to which he did not consent. That in this case is at the most the demand for costs, which being less than $300 does not give this court jurisdiction."

If the two cases last above cited are not conclusive against the jurisdiction in the case at bar, they certainly point clearly in that direction; and, considering all the former decisions together, it can be confidently said, at least, that the question has not been definitely determined the other way. And assuming the question to be an open one, we are satisfied that we have no jurisdiction of this appeal. The clear meaning of the constitution is that the litigation of independent issues involving money only in an amount less than $300 must end in the superior court.

The appeal is dismissed.

DE HAVEN, J., and FITZGERALD, J., concurred.