[S. F. No. 1443. In Bank.—February 18, 1899.]

## ANNABELLE HARRON, Respondent, v. HOWARD HARRON, Appellant.

DIVORCE—ALIMONY—EQUITY—ORDER AFTER JUDGMENT—APPEAL—JURISDICTION.—The supreme court has appellate jurisdiction over all questions arising in an action for divorce, on the ground that it is a case in equity, regardless of the amount involved; and it has jurisdiction of an appeal from a special order made after final judgment in favor of the plaintiff requiring the defendant to pay counsel fees and costs to enable the plaintiff to contest the defendant's motion for a new trial in the superior court, though the amount involved in such appeal is less than three hundred dollars.

ID.—DISMISSAL OF APPEAL—CASE OVERRULED.—The case of *Langan v. Langan*, 83 Cal. 618, as to the dismissal of an appeal from an order allowing less than three hundred dollars as counsel fees, in an action of divorce, is overruled.

ID.—MONEY INVOLVED IN ORDER MADE AFTER JUDGMENT—CASE LIMITED. The amount of money involved in an order made after judgment is not a test of the jurisdiction of the court over an appeal therefrom. *Fairbanks v. Lumpkin*, 99 Cal. 429, limited, so far as holding to the contrary.

MOTION in the Supreme Court to dismiss an appeal from an order of the Superior Court of the City and County of San Francisco, made after final judgment.   George H. Bahrs, Judge.

The facts are stated in the opinion of the court.

G. W. McEnerney, for Appellant.

S. H. Regensberger, and Dunne & McPike, for Respondent.

HARRISON, J.—Motion to dismiss the appeal.   Judgment was rendered in this action in favor of plaintiff for a divorce from the defendant, and, the defendant having appealed therefrom, the superior court made an order requiring him to pay to the plaintiff the sum of one hundred dollars as and for counsel fees, and forty dollars as and for costs, to enable the plaintiff to contest motion for a new trial in said court.   From this order the defendant has appealed.   The plaintiff moves to dismiss the appeal upon the ground that this court has no jurisdiction of the appeal by reason of the fact that the value of the property in controversy—that is, the amount of money required by the order to be paid—is less than three hundred dollars.

"The supreme court shall have appellate jurisdiction in all cases in equity except such as arise in justices' courts; also in all cases at law . . . . in which the demand, exclusive of interest or the value of the property in controversy, amounts to three hundred dollars." (Const., art. VI, sec. 4.)   Under this provision of the constitution this court has appellate jurisdiction in "all cases in equity," irrespective of the value of the property in controversy. It is only in a case at law that the value of the property forms an element in determining its jurisdiction; and it was held in *Sharon v. Sharon,* 67 Cal. 185, that the jurisdiction of this court in an action of divorce comes from the fact that such action is a case in equity.   As the appellate jurisdiction of this court extends to all cases in equity, it also includes all questions in a case in equity upon which a review of the action of the superior court may be had.

The order appealed from is a special order made after final judgment, but it is none the less an order made in a case in equity, and is equally within the appellate jurisdiction of this court as is the judgment itself.   Such an order is made appeal-

able by an express provision of statute (Code Civ. Proc., sec. 939), and the jurisdiction to entertain the appeal is not dependent upon the amount of money named in the order, any more than it is determined by the amount involved in an action for the foreclosure of a mechanic's lien, or for a street assessment.

In *Langan v. Langan*, 83 Cal. 618, the court dismissed an appeal from an order allowing one hundred and fifty dollars as counsel fees, assigning as the reason therefor that the amount in dispute was too small to give the court jurisdiction; but it does not appear that this provision of the constitution was presented to the court or considered by it. We are satisfied, however, that the reason there given is not justified by a proper construction of the provision, and, as no rights have grown up by reason of the decision, we feel authorized to disregard it in favor of the proper construction to be given to the constitutional provision.

The respondent also cites the case of *Fairbanks v. Lampkin*, 99 Cal. 429, an action at law in which an appeal from the judgment would have been within the jurisdiction of this court, but in which an appeal from an order after judgment taxing the cost bill at less than three hundred dollars was dismissed upon the ground that such appeal was an independent proceeding, and that the amount in controversy was not sufficient to give this court jurisdiction; and urges that, as the constitution makes no distinction in the jurisdiction of this court to entertain an appeal from an order after judgment directing the payment of money, whether such order be in a suit in equity or in an action at law, the present appeal should be dismissed upon the authority of that case. *Fairbanks v. Lampkin, supra,* was, however, decided mainly upon the authority of *Langan v. Langan, supra,* and was based upon the proposition that the amount of money involved in the appeal was determinative of the jurisdiction of this court; but, as we hold that the appellate jurisdiction of this court includes all appealable orders that may be taken in a "case" which is within its jurisdiction, it must follow that the amount of money involved in an appealable order is not the test for determining its jurisdiction. The correctness of the decision in *Fairbanks v. Lampkin, supra,* was, moreover, never brought before the court in Bank, and, as it established no rule of conduct or of property, we have less hesitation in holding that to the ex-

tent that it is inconsistent with the views here presented, it is not to be regarded as authority. (See, also, *Dashiell v. Slingerland*, 60 Cal. 653; *Lord v. Goldberg*, 81 Cal. 596; 15 Am. St. Rep. 82; in which principles are laid down at variance with *Fairbanks v. Lampkin, supra*.)

The motion is denied.

Henshaw, J., Temple, J., and Beatty, C. J., concurred.

McFARLAND, J., dissenting.—I dissent. This appeal involves a distinct and independent order for the payment of money only. Such an order has been held to be a final judgment from which an appeal lies, irrespective of the general course of the main action for divorce. In *Sharon v. Sharon*, 67 Cal. 195, this court, speaking of such an order, said: "Nothing remained to be done except to enforce it, and for that purpose an execution might issue and be proceeded on as if the judgment had been rendered in an ordinary action for the recovery of money. Although the pendency of an action for divorce constituted the basis of the order, it was no part of the relief demanded in the complaint"; and, further, quoting from another case: "While it may be true that a petition for alimony and attorney's fees could not be brought as a separate and independent suit, yet it is also true that such an application and order for an allowance *pendente lite*, especially such a one as is made in this case, is, so far as it affects the rights of his appellant in its consequences, wholly independent of the suit for divorce." Being an independent final judgment for money only, upon which a common execution will issue, I think it should be treated as any other ordinary money judgment, where the whole amount involved is less than three hundred dollars; and particularly should this be so since this court in Bank so held many years ago in *Langan v. Langan*, 83 Cal. 618, which case has never before been questioned. Certainly, the position taken in this case is not so clearly right as to warrant and overthrow the rule heretofore established; and appeals from money judgments involving less than the minimum prescribed by the constitution are not to be unnecessarily encouraged.