[S. F. No. 1262. In Bank.—December 30, 1899.]

SOUTHERN CALIFORNIA RAILWAY COMPANY, Petitioner, v. SUPERIOR COURT OF SAN DIEGO COUNTY, Respondent.

| | |
|---|---|
| 127 | 417 |
| f131 | 280 |
| 127 | 417 |
| 144 | 432 |

Writ of Review—Appealable Orders.—A writ of review cannot be allowed for the purpose of annulling orders from which an appeal may be taken.

Id.—Orders after Judgment—Action Involving Real Estate—Orders Striking out Stay Bond, and Directing Payment of Small Judgment.—In an action involving the title or possession of real estate, transferred from the justice's court to the superior court, this court has appellate jurisdiction; and orders made after judgment therein in the superior court, striking out an undertaking to stay execution pending an appeal to this court, and directing the sheriff to pay moneys collected under the execution to the plaintiff in satisfaction of the judgment in a sum less than three hundred dollars, are appealable, and cannot be annulled upon writ of review.

CXXVII. Cal.—27

ID.—AMOUNT INVOLVED IN APPEALABLE ORDERS IMMATERIAL.—All special orders made after final judgment in the superior court are made appealable, without reference to any amount in value that may be involved in the order. The order striking out the stay bond being unquestionably appealable, the order directing the payment of the money to the plaintiff is a mere incident thereto, and is proper if the former order is sustained; but both orders are appealable by the express language of the code.

ID.—DISMISSAL OF WRIT OF REVIEW.—A writ of review to annul appealable orders must be dismissed.

PETITION in Supreme Court for writ of review to annul orders of the Superior Court of San Diego County. J. W. Hughes, Judge.

The facts are stated in the opinion of the court.

C. N. Sterry, and Henry J. Stevens, for Petitioner.

VAN DYKE, J.—In an action by Amelia B. Baker and husband against the Southern California Railway Company, petitioner herein, tried in the superior court of San Diego county, plaintiffs recovered judgment, from which judgment and an order denying a new trial the petitioner, as defendant therein, appealed on October 9, 1897, and on October 21st said defendant filed an undertaking on appeal, which, by reason of certain defects, was insufficient to stay execution of the judgment. Prior to the filing of said undertaking execution was issued on the judgment and notice of garnishment served upon the First National Bank of San Diego. On October 22, 1897, upon notice served, the judge of the superior court ordered the garnishee to pay to the sheriff an amount of money sufficient to satisfy the judgment, being about one hundred and fifty dollars; but before any payment was made under said order the defendant therein, petitioner here, filed another bond, sufficient in form to stay the execution of the judgment. Thereafter, upon motion of plaintiffs' attorney in said action, the court made an order striking said last undertaking from the files of the court, and directing the sheriff to turn over the money received by him under such garnishment to the plaintiffs. The defendant in said action seeks under writ of review issued herein to have these orders annulled.

Respondent urges the dismissal of this proceeding on the ground that *certiorari* or review is not the proper remedy, inasmuch as the writ of review cannot issue where there is an appeal, and that the orders complained of, being special orders after final judgment, an appeal lies therefrom. (Code Civ. Proc., secs. 939-1068.) This contention is practically conceded on the part of the petitioner, provided the case of *Harron v. Harron*, 123 Cal. 508, decided since this proceeding has been pending, is to apply in this case; but it is claimed by petitioner that at the time of filing the petition here, and up to the decision of *Harron v. Harron, supra*, it has been uniformly held by this court that an appeal would not lie in a case like this, and that therefore the old rule should govern.

The following cases are referred to in support of petitioner's contention: *Oullahan v. Morrissey*, 73 Cal. 297; *Langan v. Langan*, 83 Cal. 618; 86 Cal. 132; *Sellick v. De Carlow*, 95 Cal. 644; *Fairbanks v. Lampkin*, 99 Cal. 429; *Perry v. Quackenbush*, 105 Cal. 299; *Foley v. California Horseshoe Co.*, 115 Cal. 184; 56 Am. St. Rep. 87.

*Oullahan v. Morrissey, supra,* was an appeal from a judgment of the superior court, and the court say: "The plaintiff having consented to the entry of the judgment against himself, cannot appeal from it, or, if he can, can be heard only as to that portion as to which he did not consent. That, in this case, is at the most the demand for costs, which, being less than three hundred dollars, does not give this court jurisdiction." *Langan v. Langan, supra,* was an appeal from an order, *pendente lite,* directing the defendant to pay plaintiff twenty-five dollars per month alimony, and another order to pay one hundred and fifty dollars counsel fees, which appeals were dismissed, as stated by the court, "because the amount in dispute is too small to give the court jurisdiction." The second appeal in the same case, in 86 California, was also for temporary alimony and counsel fees entered before judgment. *Sellick v. De Carlow, supra,* was an appeal from an order denying motion to strike out plaintiff's cost bill, and the court, Department Two, in its opinion says: "We deem it proper to say, however, for future guidance, that the question whether or not this court has jurisdiction of an appeal from a separate, independent order made after final

judgment, involving money only, and in an amount less than three hundred dollars, must be considered at least an open question." *Fairbanks v. Lampkin, supra,* was also an order taxing a cost bill, the amount of which was one hundred and seventy-one dollars and twenty cents, and the court, Department Two, say: "An order made after final judgment is a separate, independent proceeding, and when it involves money only, and the amount involved is less than three hundred dollars, this court has no jurisdiction, under the constitution, of an appeal from such order." The court, after referring to former decisions, say: "And, assuming the question to be an open one, we are satisfied that we have no jurisdiction of this appeal." This is the first instance where it is clearly held that in an order made after final judgment, even in a separate, independent proceeding involving money only in an amount less than three hundred dollars, an appeal will not lie. *Perry v. Quackenbush, supra,* was an appeal from the judgment and from an order refusing to strike out the cost bill. After considering the appeal from the judgment, Commissioner Temple, who wrote the opinion, in reference to the appeal from the order, says (on the authority of *Fairbanks v.Lampkin, supra*): "The amount of the costs claimed was less than three hundred dollars; this court, therefore, has no jurisdiction to hear the appeal." *Foley v. California Horseshoe Company, supra,* was an appeal from a judgment and order denying a new trial, and from an order denying a motion to set aside the judgment taxing costs, and the separate appeal from the order taxing costs was dismissed on the authority of *Fairbanks v. Lampkin, supra.*

As said in *Harron v. Harron, supra, Fairbanks v. Lampkin, supra,* was decided mainly upon the authority of *Langan v. Langan, supra,* and was based upon the proposition that the amount of money involved in the appeal was determinative of the jurisdiction of this court; but the appellate jurisdiction of this court includes all appealable orders that may be taken in a "case" which is within its jurisdiction, and it follows therefrom that the amount of money involved in an appealable order is not the test for determining its jurisdiction. And the court adds: "The correctness of the decision in *Fairbanks v. Lampkin, supra,* was, moreover, never brought before the court in Bank,

and as it establishes no rule of conduct or of property we have less hesitation in holding that to the extent that it is inconsistent with the views here presented it is not to be regarded as authority." The constitution confers upon this court appellate jurisdiction, among other matters, "in all cases at law which involve the title or possession of real estate," and this without regard to the money value involved. The action of *Baker v. Southern California Ry. Co.;* falls under this branch of jurisdiction, as was determined in the appeals taken from the judgment therein, in 110 Cal. 455, 114 Cal. 501, and 126 Cal. 516. Under the former practice, as well as under the code, all special orders made after final judgment are made appealable without reference to any amount in value that may be involved in the order. And also under the former practice, as well as under the code, the writ of *certiorari* or review would not lie where there was an appeal. *Gilman v. Contra Costa County,* 8 Cal. 52, 68 Am. Dec. 290, was an appeal from an order overruling a motion to quash an execution and discharge a levy. The court say: "The first question presented is whether an appeal will lie in such a case. The three hundred and thirty-sixth section of the practice act gives an appeal from 'any special order made after judgment' "; and, after defining what an order is within the meaning of the law, the court held that the one in question was appealable. In *McCullough v. Clark,* 41 Cal. 298, the court held an order directing the application of certain property in proceedings supplemental to execution appealable. In *San Jose v. Fulton,* 45 Cal. 317, an order refusing to vacate an order granting a writ of assistance was held appealable. In *Livermore v. Campbell,* 52 Cal. 75, an order setting aside the judgment on the ground that it was invalid was held appealable. *Grant v. Superior Court,* 106 Cal. 324, was prohibition to prevent fixing the compensation and paying a receiver on an order previously made, and it was held that the writ should not issue "for the reason that the petitioners have a plain, speedy, and adequate remedy by appeal." *Stoddard v. Superior Court,* 108 Cal. 303, was an application to this court for a writ of *certiorari* or review, and to annul an order of the superior court granting an injunction after judgment, and in the opinion it is said: "It may be readily admitted that the court had no jurisdiction to make the

order; but as the order is appealable *certiorari* will not lie, because it lies only where 'there is no appeal.'" (Citing *Stuttmeister v. Superior Court,* 71 Cal. 322, where it is said: "The writ [*certiorari*] will not lie when there is an appeal from the action complained of; the writ is not given in lieu of an appeal, but only to review errors in excess of jurisdiction, for which an appeal does not lie.") Proceeding further, the court say: "We have been referred to no case in which it has been held that under our code the writ of *certiorari* will lie to reverse an appealable order. That the appeal does not offer a plain, speedy, and adequate remedy makes no difference; the provision of the statute governs." *White v. Superior Court,* 110 Cal. 54, was also an application to review and prohibit execution of an order of the superior court requiring a receiver to sell the property of the petitioner, and the court say: "It is very clear that the facts do not make a case wherein *certiorari* may be availed of. That writ will lie only where there is no appeal from the judgment or order complained of. (Citing a number of cases.)

"The order in question is a special order made after final judgment, and as such it is made the subject of appeal by express terms of the statute."

From the foregoing it will be seen that the petitioner's assumption that the decisions of this court prior to *Harron v. Harron, supra,* held that orders like the ones in question were not appealable, and that *certiorari* is the proper remedy, is not sustained.

The main grievance in this case consists in striking from the files the undertaking on appeal, for the stay bond being out of the way it was not improper on the part of the court to direct the application of the money in the hands of the sheriff to the satisfaction of the judgment; in other words, that order was a mere incident of the former proceeding. But both the orders are special orders made after final judgment, and as such are made appealable by express language of the code, and as to the former, which involves no question of money value, no decision of this court can be found in which it is held that it is not appealable.

For the foregoing reasons the writ must be dismissed, and it is so ordered.

Harrison, J., Garoutte, J., and Temple, J., concurred.