[Sac. No. 547.  Department One.—December 31, 1900.]

131  279
144  432

GRACE ELLEDGE, Petitioner, v. SUPERIOR COURT, etc.,
et al., Respondents.

COSTS—SPECIAL ORDER AFTER JUDGMENT—APPEAL—CERTIORARI.—A spe-
cial order made after judgment reducing the amount of the
judgment by striking out the costs therefrom is appealable, and
cannot be reviewed or annulled upon a writ of *certiorari.*

CERTIORARI in the Supreme Court to review an order of
the Superior Court of Lassen County striking out the costs
from a judgment.  F. A. Kelley, Judge.

The facts are stated in the opinion of the court.

Goodwin & Goodwin, for Petitioner.

Spencer & Raker, and W. M. Boardman, for Respondents.

THE COURT.—In an action brought by the petitioner
against D. W. Ridenour et al. in the superior court of Lassen
county, judgment was entered in his favor for the amount of
two hundred and ninety dollars damages.  Thereafter the de-
fendants therein filed a memorandum of costs amounting to
ninety-two dollars.  Plaintiff thereupon moved the court to
strike this memorandum of costs from the files, upon the ground
that as the judgment made no provision regarding costs the
defendants were not entitled to recover their costs.  The court
granted this motion, but immediately thereafter, of its own
motion, made and caused to be entered the following order:
"Ordered that the judgment entered herein be reduced the full
amount of defendants' cost bill herein, to wit, ninety-two dol-
lars."  The plaintiff has obtained a writ of review for the pur-
pose of having this order annulled, upon the grounds that it
was without the power of the court to make it.

The order sought to be annulled was a special order made
after final judgment, in direct terms modifying the judgment
previously given, and by express provision of the statute is
made appealable.  (Code Civ. Proc., sec. 939.)  Although the
cost bill is referred to as the basis of its action, the order of the

court applies to the judgment and not to the cost bill. The order could have been reviewed either upon an appeal taken directly therefrom, independent of an appeal from the judgment, or its correctness could have been determined upon an appeal from the judgment as modified in accordance with its terms. Being an appealable order, it cannot be reviewed upon a writ of *certiorari*. (Code Civ. Proc., sec. 1068.) This subject has recently been very fully considered in *Southern Cal. Ry. Co. v. Superior Court*, 127 Cal. 417, and this rule is there specifically declared.

The writ is discharged.