[Civ. No. 498.   Third Appellate District—November 27, 1908.]

WALTER H. LINFORTH, Respondent, v. SAN FRANCISCO GAS AND ELECTRIC COMPANY, Appellant.

COSTS—ORDER FOR RETAXING—APPEAL.—An appeal lies from an order made after final judgment retaxing costs without reference to the amount involved.

ID.—ATTENDANCE OF EXPERT WITNESS.—Where an expert witness was not called by the court nor by agreement of the parties, but was in attendance merely as a witness for the prevailing party, he can only be allowed the usual fees for attendance and not for his services as an expert.

ID.—IMPROPER ALLOWANCES—FEES REFUSED—FILING COST BILL.—The fees of witnesses who refused to receive the same cannot be allowed

as costs; nor can any charge be made in the cost bill for filing the same.

ID.—PROPER CHARGES FOR WITNESSES NOT SUBPOENAED.—Proper charges may be made in the cost bill for the attendance of witnesses who attended at request of the prevailing party, though not served with a subpoena. When a witness has been called and sworn upon attendance by request, he has placed himself under and subject to the order of the court as much as if subpoenaed.

ID.—STATUTORY CONSTRUCTION—"LEGALLY REQUIRED TO ATTEND."— The words "legally required to attend," used in the act of 1891 in regard to witness fees, are not to be construed as importing more than that the witnesses attending must have been legally requested to attend, so as to make the fees paid for their attendance a legal disbursement.

ID.—OFFICE OF SUBPOENA SUBSERVED BY REQUEST—LEGAL RESPONSIBILITY.—Though a subpoena legally requires the attendance of a witness who is unwilling to attend, its office is subserved when the witness attends by request, and the party requesting the attendance of a witness is as legally responsible to pay his statutory fees for attendance as if he had been subpoenaed.

APPEAL from an order of the Superior Court of the City and County of San Francisco, retaxing costs. Thomas F. Graham, Judge.

The facts are stated in the opinion of the court.

Page, McCutchen & Knight, for Appellant.

S. M. Shortridge, and P. F. Dunne, for Respondent.

CHIPMAN, P. J.—This is an appeal from an order by the superior court of the city and county of San Francisco, made after final judgment, retaxing plaintiff's costs. The total amount set forth in the memorandum is $260.15. The order may be reviewed. (*Southern Cal. Ry. Co.* v. *Superior Court,* 127 Cal. 417, [59 Pac. 789]; *Elledge* v. *Superior Court,* 131 Cal. 279, [63 Pac. 360].)

On the hearing of the question, and after some testimony was taken, the court ordered "that the said motion to tax costs be, and the same is hereby granted at the sum of $160.15." The court scaled the cost bill by a lump sum, making it impossible to say what particular items were disallowed. We are, therefore, at liberty, in support of the judgment, to make

our own assumption on the subject, and we assume that the court rejected the item of $100 charged for two days' attendance of the witness Thomas Price as an expert, who was not called by the court nor by agreement of the parties, and this would leave the exact amount allowed by the court. The court no doubt accepted defendant's view as to this item and struck it out on the authority of the cases cited, to wit: *Bathgate* v. *Irvine,* 126 Cal. 135, 149, [77 Am. St. Rep. 158, 58 Pac. 442], and other cases.

There were two witnesses, Watkins and Webster, whose names were included for one day's attendance each, amounting to $4. They refused to accept from plaintiff any fees, and plaintiff is not liable to them. We think this charge should be eliminated from the cost bill. There was also an item of twenty-five cents for filing cost bill, conceded to be error, and this should also be stricken out.

There were witnesses called by plaintiff who testified but were not subpoenaed, and were paid their fees by him before testifying.

There were others who were subpoenaed and testified for plaintiff and were paid by him after testifying.

There were still others who testified for plaintiff but who were not subpoenaed, but to whom plaintiff testified that he was under liability to pay fees for their attendance.

This classification is stated under the impression, probably, that some distinction might be drawn as to defendant's liability for their attendance. Appellant, however, makes no claim that any distinction should be made as to these classes and we shall assume that there is none. Appellant claims that the same statute applies to all the witnesses of each class, "and prevents respondent from taxing fees, or any of them, as costs against appellant."

The statute reads: "Witness Fees. For each day's actual attendance, when legally required to attend upon the Superior Court, per day, two dollars in civil cases. . . . Witnesses in civil cases may demand the payment of their mileage and fees for one day in advance, and when so demanded shall not be compelled to attend until the same shall have been paid." (Stats. 1895, p. 274.)

The evidence was that all the witnesses for whose attendance a charge is made were requested by plaintiff to attend

the trial as witnesses in the case, and promised to appear without subpoena, and that plaintiff considered that he had incurred liability for their attendance. They all appeared and testified.

Appellant's contention is that "no witness whose charge is here objected to was *'legally required to attend'* the court below"; that it is only by virtue of the statute that witness fees are recoverable at law; that the statute must be strictly construed; that the terms "legally required to attend" mean subpoenaed to attend.

Respondent's position is, "that the words in question simply mean that the witness, for whose attendance witness fees are sought to be taxed, shall be lawfully in attendance as a witness on the trial of the case, and that a witness is lawfully in attendance on the trial of a case when he is requested by a party to attend as a witness on the trial of the action," and that service of a subpoena is not necessary to entitle the successful party to tax the fees of such witness as costs against the unsuccessful party.

It must be held to be the law that witness fees, as costs to be charged against the losing party, in civil actions, are recoverable by virtue of the statute alone. The question, then, is one of construction. The code defines a subpoena to be a process "by which the attendance of a witness is required." (Code Civ. Proc., sec. 1985.) It is the means provided by which a party may compel a witness to appear in court at the trial whether he is willing or not. When called and sworn upon attendance by request he has placed himself under and subject to the order of the court as much as if subpoenaed. The only object of the subpoena and its only office, when complied with, is to secure his testimony by personal attendance; it issues, of course, by the clerk, and under seal of the court, at the instance of the party and its "service may be made by any person." (Code Civ. Proc., sec. 1886.) The whole purpose of the subpoena is subserved when a witness attends at the trial by request of the party, quite as effectually as if he had been subpoenaed. No disadvantage or injury can accrue to the losing party if the witness attends by request; on the contrary, he may save the added expense of mileage and *per diem* as cost of serving a subpoena (Stats. 1895, p. 274). The party making the request becomes liable to wit-

nesses, for the statutory fee for attendance, who attend in compliance with such request. Section 1033, Code of Civil Procedure, relating to the cost bill and how and when it is to be prepared and served, requires the party to deliver to the clerk ''a memorandum of the items of his costs and necessary disbursements in the action or proceeding,'' verified by the oath of the party; and the payment of a witness his fee, when attending by request, is a necessary disbursement as much so as when paid to a witness who has been subpoenaed. We can see no reason underlying a statute which, before he could recover as costs the witness fees allowed by law, would compel a party to incur the initial additional expense of serving a subpoena upon the witness, to accomplish the object which a request would secure, and entailing upon the losing party thereby the ultimate payment of this extra and wholly unnecessary charge. Before we should be inclined to give the statute a construction leading to such results, its language would have to be compelling in its force, which we do not think is the case here.

In the definition of the word ''required'' given in Anderson's Law Dictionary, it is stated that usage has given the words ''request'' and ''require'' meanings differing more in intensity than in effect or substance. ''Neither word,'' he says, ''may import more than to give notice''; citing cases.

There are cases, both state and federal, sustaining appellant's view. So far as the federal cases relied upon are concerned they have been overruled or nonconcurred in by the later cases.

Among the state cases is *Meagher* v. *Van Zandt*, 18 Nev. 230, 2 Pac. 57. The statute of Nevada reads: ''Witness required to attend,'' etc. The prevailing opinion seems to have proceeded somewhat upon the effect of the change made in the statute which formerly allowed witnesses *''for attending before the court,''* and was changed to read as above. Hawley, C. J., however, filed an extended dissenting opinion, in which he held ''that it was the intention of the legislature that witnesses should be paid *for their attendance at court* without reference to the means employed in procuring their attendance.'' He said: ''Witnesses may be required to attend court by agreement, or by the request of a party, without the service of a subpoena; and if they do so attend, they can, in

my opinion, collect their fees for mileage and attendance from the party at whose request they were 'required to attend.' The fees thus paid would, it seems to me, be a necessary disbursement in the action which could, under the provisions of the statute, 'be taxed as disbursement costs against the defeated party.' '' Citing *Crawford* v. *Abraham,* 2 Or. 163, 166, and other cases, taking the same view. It was said in *Wheeler* v. *Lozee,* 12 How. Pr. (N. Y.) 446, 448; ''The nonservice of a subpoena would be no defense for the party when sued by a witness for his fees, who had attended as his witness at his request. Nor is it possible to perceive how the want of a subpoena can relieve the unsuccessful party from the payment of the fees of his adversary's witnesses.''

So held in *McGlauflen* v. *Wormser,* 28 Mont. 177, [72 Pac. 428]. In *Farmer* v. *Storer,* 11 Pick. 241, the statute read ''duly summoned.'' The court said: ''A witness who attends upon the request of a party, we think, is duly summoned, within a reasonable construction of the statute and the practice under it.'' In *International etc. Ry. Co.* v. *Richmond,* 28 Tex. App. 513, 524, [67 S. W. 1029], held that attendance by request was a waiver of the issuance of subpoena.

The federal statute uses the terms ''pursuant to law.'' In *Hanchett* v. *Humphrey,* 93 Fed. 895, the question is fully covered. We quote: ''I am of the opinion that witnesses may be required to attend court by agreement or by the request of a party without the service of a subpoena; and, if they do so attend, they can collect their fees for mileage and attendance from the party at whose request they were required to attend. Fees thus paid would, it seems to me, be a necessary disbursement in the action, which could, under the provisions of the revised statutes, be taxed as disbursement costs against the defeated party. Such attendance would be as 'pursuant to law' as if the witness had been regularly subpoenaed. It is, of course, true that the statutory means of compelling the attendance of witnesses is by subpoena. But what right has the defeated party to complain because the other party caused his witnesses to come without a subpoena and thereby saved expense? If a subpoena was served, the winning party could recover not only the mileage of the witnesses, but the costs and expenses incurred in subpoenaing them; and these costs might, in many cases, be much greater than the mileage of the witnesses allowed by the United States

statute. The objection to allowance of mileage, because no subpoena is served, ground down to the common sense of the question, is that the winning party ought not to collect any disbursements he necessarily incurred by paying the legal fees of the witnesses because he did not go to the further expense of having them subpoenaed. Such reason does not appear to me to be sound. Its tone is not judicial and its logic is certainly faulty and the result if continued would lead to unnecessary expense to litigants and ought not to be adhered to any longer. . . . Notwithstanding some conflict of the earlier cases the law is now well settled that if a witness in good faith attend the court, and whether he comes in obedience to a subpoena or at the mere request of a party, plaintiff or defendant, he is to be considered as attending 'pursuant to law' within the meaning of those words as used in section 848, Revised Statutes, and the party for whom he attends is entitled to recover costs for the legal amounts paid such witness, the same as if he had been legally subpoenaed.''

The order should be modified by striking out the item of twenty-five cents for ''filing cost bill'' and the items of $2 each for witness fees of A. A. Watkins and Walter B. Webster, and as thus modified the order is affirmed.

Hart, J., and Burnett, J., concurred.