[Civ. No. 1126. First Appellate District.—February 6, 1913.]

## ALBERT M. ENGEL, Respondent, v. JOHN C. EHRET, Appellant.

## ALBERT M. ENGEL, Respondent, v. DORA EHRET and JOHN C. EHRET, her Husband, Appellants.

APPEAL—ORDER TAXING COSTS AFTER ENTRY OF JUDGMENT.—An order taxing costs made after entry of judgment is a special order from which an appeal will lie.

ID.—MILEAGE FEES—WITNESSES RESIDING IN SAN FRANCISCO ENTITLED TO.—Section 4300g of the Political Code fixes the right of a witness to mileage fees, and the superior court of the city and county of San Francisco has no power to establish as a rule of practice the uniform disallowance of such fees to witnesses residing in such city and county.

ID.—SLANDER—COSTS IN ACTIONS FOR REGULATED BY GENERAL LAWS.— The right of a successful defendant in an action for slander to recover costs is governed by the general law on that subject, as provided in the Code of Civil Procedure, and in the present case it was not an abuse of discretion to strike out an item for costs expended in taking the depositions of witnesses who appeared and testified at the trial.

ID.—COUNSEL FEES RECOVERABLE AS COSTS—CONSTITUTIONAL LAW.—The provision of the act concerning actions for libel and slander (Stats. 1871, p. 533), which allows either party prevailing in such actions to recover as costs the sum of one hundred dollars to cover counsel fees, is not in conflict either with the fourteenth amendment of the federal constitution, guaranteeing to every person the "equal protection of the law," or with the provisions of the state constitution, requiring that general laws shall be uniform, and prohibiting special laws.

APPEALS from orders of the Superior Court of the City and County of San Francisco taxing costs. John Hunt, Judge.

The facts are stated in the opinion of the court.

Fabius T. Finch, and Paul F. Fratessa, for Appellants.

Carl E. Lindsay, and Emil Liess, for Respondent.

MURPHEY, J., *pro tem.*—Plaintiff brought an action against John C. Ehret for slander, claiming that Ehret had told one Tonna that he, Engel, burnt his house down to get the insurance. Plaintiff also brought another action against Mrs. Ehret, wife of the defendant in the first action, in which the husband was joined as defendant, claiming that Mrs. Ehret had made similar statements to a Mrs. Roehrer.

The actions were consolidated and tried together before the same jury, resulting in a verdict for the defendant in each case.

A cost-bill was filed by defendant in each of the cases, and the appeals are from the orders taxing costs.

Objection is made to the orders of the trial court striking out three several items in each of the cost-bills as follows:

(1) The court struck out all items of mileage paid to defendant's witnesses "upon the ground that it was the practice of said court not to allow mileage when the witnesses reside in San Francisco, notwithstanding the fact that said witnesses traveled the distance charged for in said cost-bill."

(2) Item for taking deposition of John Tonna, the person to whom the slanderous statement is alleged to have been made, "upon the ground that said deposition was not used at the trial, and because said John Tonna appeared at said trial and testified in person."

(3) Item of attorney fee allowed by statute, "upon the ground that the act allowing said attorney's fee is unconstitutional, for the reason set forth in *Builders' Supply Depot* v. *O'Connor*, 150 Cal. 265, [119 Am. St. Rep. 193, 11 Ann. Cas. 712, 88 Pac. 982]." ·

We will first dispose of the respondent's contention that the order is not an appealable order, not being classified, as counsel assert, as a "special order made after final judgment," and they invoke *Quitzow* v. *Perrin*, 120 Cal. 255, . [52 Pac. 632], to support their position.

In that case the real question determined was as to the allowance of costs where the amount recovered is less than three hundred dollars. The court, however, basing its conclusions on *Fairbanks* v. *Lampkin*, 99 Cal. 429, [34 Pac. 101], uses this language: "Having allowed costs in the first instance in the judgment" (without fixing the amount) "the subsequent proceedings were proceedings, it seems to us, having re-

21 Cal. App.—8

lation to the original or final judgment, and became part of it, and the error may be corrected on the appeal from that judgment."

That case is expressly overruled in *Harron* v. *Harron*, 123 Cal. 508, [56 Pac. 334]. In that case the superior court made an order requiring defendant to pay plaintiff one hundred and forty dollars for counsel fees and forty dollars costs, in order to enable plaintiff to prosecute an appeal to the supreme court from the judgment in favor of defendant. The court says: "The order appealed from is a special order made after final judgment, but is none the less an order made in a case in equity, and is equally within the appellate jurisdiction of this court as the judgment itself." (Citing Const., art. VI, sec. 4.) "The supreme court shall have appellate jurisdiction . . . in all cases in equity except such as arise in justices' courts; also in all cases at law . . . in which the demand . . . amounts to $300." "Under this provision of the constitution," continues the court, "this court has appellate jurisdiction in all cases in equity irrespective of the value of the property in controversy." The court then says: "The correctness of the decision of *Fairbanks* v. *Lampkin*, 99 Cal. 429, [34 Pac. 101], was never brought before the court in Bank; and as it establishes no rule of conduct or of property we have less hesitation in holding that, to the extent that it is inconsistent with the views here expressed, it is not to be regarded as an authority."

*Caffey* v. *Mann*, 3 Cal. App. 124, [84 Pac. 424], was a direct appeal from an order of court striking out items of a cost-bill. The respondent objected that the court had no jurisdiction, as the amount of costs claimed did not amount to three hundred dollars. The court disposes of this contention by citing *Harron* v. *Harron*, 123 Cal. 508, [56 Pac. 334], to the effect that that case overrules earlier cases holding that the amount of the cost-bill governs jurisdiction.

The direct point in controversy here was passed upon in *Elledge* v. *Superior Court*, 131 Cal. 279, [63 Pac. 360]. The respondent superior court made an order cutting down the amount of the cost-bill of the prevailing party. Petitioner obtained a writ of review to annul the order, on the ground that the court had no jurisdiction to make the order. The supreme court said: "The order sought to be annulled was a special

order made after final judgment previously given. . . . Although the cost-bill is referred to as the basis of this action the order of the court applies to the judgment and not to the cost-bill. The order could have been reviewed *either upon an appeal taken directly therefrom* independent of an appeal from the judgment or its correctness could have been determined upon an appeal from the judgment as modified in accordance with its terms. *Being an appealable order,* it cannot be reviewed upon a writ of *certiorari,"* (the italics are ours), and citing *Southern Cal. Ry. Co.* v. *Superior Court,* 127 Cal. 417, [56 Pac. 759], where the same rule was specifically declared. So that it may be safely asserted that it is the settled rule in this state that an order taxing costs made after entry of judgment, as the record discloses the situation to be in the case at bar, is a special order from which an appeal will lie.

The first point made for reversal is that the court struck out all items of mileage, as it was the practice of the court to refuse mileage of witnesses residing in San Francisco.

The section of the code, insofar as it is applicable to the subject matter under discussion and is determinative of that point, is as follows: Political Code, section 4300g: "Witness fees, except as in this title otherwise provided: . . . Mileage actually traveled, one way only, per mile 10 cents."

"The right of a witness to mileage and other fees in civil cases is primarily and solely of statutory creation." (*Naylor* v. *Adams,* 15 Cal. App. 353, [114 Pac. 997].)

While this practice of the court is no doubt very gratifying to defeated litigants, it is correspondingly unfair to witnesses who, by the mandate of the court, are compelled to leave their personal pursuits and assist in determining controversies in which they have no individual interest or concern. There is no justification or warrant in the law for this "practice." A mere reading of this statute affords an unanswerable confirmation of this view. If the no mileage limitation may be carried by arbitrary construction of the court to the exterior boundaries of the city, why not to the exterior boundaries of the township or any other territorial subdivision of the county. There is as much reason and logic to sustain the one position as the other. These are matters entirely within the legislative control and over which the courts exercise no discretion.

As regards the action of the trial court in striking out the item of costs expended in taking the depositions of witnesses who appeared and testified at the trial, we are unable to say from the record that there was an abuse of discretion.

Appellants cite *Jacobi* v. *Baur,* 55 Cal. 554, as taking this class of cases out of the statutory rule as to costs; and Libel and Slander Act, Henning's General Laws of Cal., sec. 7, p. 688, as stating that the prevailing party "shall recover his actual costs." Neither of these citations measures up to the claims of counsel. In *Jacobi* v. *Baur* the court says that the law "does not give plaintiff recovering judgment any costs beyond the amount allowed by general law as provided in the Code of Civil Procedure." The Libel and Slander Act provides that the prevailing party "shall be allowed one hundred dollars ($100) to cover counsel fees in addition to the other costs." The question is manifestly covered and governed by the code provisions, and the court was clearly acting within its discretionary powers in determining the matter adversely to appellants' contention.

The last point discussed is with reference to the validity of the item of the one hundred dollars attorney's fee. The trial court disallowed this item "upon the ground that the act allowing said attorney's fee is unconstitutional for the reasons set forth in *Builders' Supply Depot* v. *O'Connor,* 150 Cal. 265, [119 Am. St. Rep. 193, 11 Ann. Cas. 712, 88 Pac. 982].

The reasoning of that case is not applicable to the case at bar either as to the facts or the law. In holding the provision for an attorney's fee unconstitutional in *Builders' Supply Depot* v. *O'Connor,* 150 Cal. 265, [119 Am. St. Rep. 193, 11 Ann. Cas. 712, 88 Pac. 982], the supreme court said: "It is to be noticed that this section" (referring to section 1195 of the Code of Civil Procedure) "provides for an attorney's fee to the plaintiff but not to the defendant, even though the latter be sucessful in the action; and that attorneys' fees are allowed even to plaintiff only in actions under the *mechanics'* lien law (our italics), the general rule being that the measure and amount of compensation of attorneys and counselors at law is left to the agreement, express or implied, of the parties. (Code Civ. Proc., sec. 1021.) This provision is in our opinion violative both of the federal and state constitutions—of the fourteenth amendment of the

former, which guarantees to every person the 'equal protection of the law,' and of the provisions of the state constitution which provide that general laws shall be uniform, prohibiting special laws. . . . A statute which gives an attorney fee to one party in an action and denies it to the other, and allows such fee in one kind of action and not in other kinds of actions where, as in the statute here in question, the distinction is not founded upon a constitutional or natural difference, is clearly violative of the constitutional provisions above noticed.''

Section 7 of an act entitled ''An act concerning actions for Libel and Slander '' (Stats. 1871–72, p. 533), provides: ''In case plaintiff recovers judgment he shall be allowed as costs one hundred dollars ($100) to cover counsel fees, in addition to the other costs. In case the action is dismissed or the defendant recovers judgment, he shall be allowed one hundred ($100) dollars to cover counsel fees, in addition to the other costs, and judgment therefor shall be entered accordingly.''

It is manifest that this section is not subject to the ''equal protection of the law'' objection, as all litigants in this class of cases, whether plaintiff or defendants, are placed upon an equal footing. Had the section of the code providing for attorneys' fees in *mechanics'* lien cases been drawn sufficiently broad to cover the entire class of lien actions, we think it would be a reasonable inference from the language above quoted to conclude that the objection as to want of uniformity would not have been made.

However, it is unnecessary to discuss this matter further. The direct point in controversy was raised in this court (third district) in the case of *Carpenter* v. *Ashley*, 16 Cal. App. 302, [116 Pac. 983]. It was there insisted, as here, that the statute allowing an attorney's fee is unconstitutional; and there, as here, the burden of sustaining the contention was thrown upon the case of *Builders' Supply Depot* v. *O'Connor*, 150 Cal. 265, [119 Am. St. Rep. 193, 11 Ann. Cas. 712, 88 Pac. 982]. The court held the statute constitutional, and affirmed the action of the superior court taxing the attorney's fee as costs against the losing party. A petition to have the case heard in the supreme court was denied, thus finally determining the matter insofar as this court is concerned.

The orders of the superior court disallowing the items of mileage and attorney's fee in each case is reversed, and affirmed as to the item of costs for taking deposition.

Lennon, P. J., and Hall, J., concurred.