MARÍN, PLAINTIFF AND APPELLEE, *v.* AMERICAN RAILROAD COMPANY, DEFENDANT AND APPELLANT.

APPEAL from the Second District Court of San Juan in an Action for Damages.—Memorandum of Costs.

No. 2788.—Decided March 5, 1923.

APPEAL—JURISDICTION—COSTS.—When because of the amount in suit the Supreme Court is without jurisdiction to review a judgment allowing costs, it is also without jurisdiction to review an order fixing the amount of the costs.

The facts are stated in the opinion.
*Mr. M. Acosta Velarde* for the appellant.

*Mr. A. Marín* for the appellee.

MR. JUSTICE FRANCO SOTO delivered the opinion of the court.

This is an appeal in the matter of the approval of a memorandum of costs. The principal case originated in the Municipal Court of San Juan. The action was for the recovery of damages in the sum of $200. Judgment was rendered in accordance with the prayer of the complaint and on appeal in the Second District Court of San Juan the defendant company was adjudged to pay to the plaintiff the sum of $200 and the costs.

Thereupon the plaintiff presented to the district court a memorandum of costs containing, among other items, one of $180 for attorney's fees and expenses. The defendant filed objections and after a hearing the court approved the memorandum of costs, but reduced the item of attorney's fees from $180 to $100. From that order the present appeal was taken.

The appellant assigns several errors, but the only important question is that of the jurisdiction of this court to review the order of the lower court. The action originated in a municipal court and the amount sued for was $200. Section 295 of the Code of Civil Procedure reads as follows:

"Sec. 295. An appeal may be taken to the Supreme Court from a District Court:

"1.—* * *.

"2. (*As amended by Act of March 9, 1905, page 136*). From a judgment rendered on an appeal from an inferior court, within fifteen days after the entry of such judgment, should the value of the property claimed or amount of the judgment not including products and interest thereon exceed three hundred dollars (300)."

It may be seen from the statute cited that the subject-matter in controversy or the amount of the judgment is what determines the question of jurisdiction.

Our law provides that costs may be allowed in the judg-

ment, but the amount is determined in a special proceeding and it is prescribed in general terms that an appeal may be taken by the party or his attorney from an order of the court ruling upon an objection to a memorandum of costs. Sections 327 and 339 of the Code of Civil Procedure, as amended by Acts of 1917 and 1908.

Therefore, in accordance with the language and meaning of our statutes regulating costs, they are incidental to the principal action, the amount of which is what determines the jurisdiction of the court, and for that reason the costs can not be added to the amount in controversy or to the value of the property claimed or to the amount of the judgment in order to determine the jurisdiction on appeal.

The theory is that whenever the jurisdiction of the court is expressly made to depend upon the amount of the judgment or the amount in controversy exclusive of costs, as prescribed in subdivision 2 of section 295 of the Code of Civil Procedure, *supra,* the costs can not be included in order to give jurisdiction to the appellate court and the consequence is that no appeal can be taken from a judgment or order for costs only.

"In some jurisdiction the matter in dispute or controversy is held to relate exclusively to the subject-matter of the action, and costs or attorney's fees, being merely incidental to the action, cannot be added to the demand sued for in order to confer appellate jurisdiction, even though not expressly excluded by the statute. And of course, where the jurisdiction is expressly made to depend upon the amount of the judgment recovered or the amount in controversy, exclusive of costs, costs can not be included, nor will an appeal lie from a judgment for costs only." 3 C. J., pp. 409-410.

In some jurisdiction it is otherwise and costs are considered as the subject-matter in controversy independently of the main action, but even then the amount of the costs comes within the pecuniary restrictions established by the statute.

"Where a judgment or order relating to the payment of costs or allowance of attorney's fees is reviewable, as in some jurisdictions, upon the theory that the costs or attorney's fees constitute the amount in controversy, the matter will at least come within the pecuniary restrictions of the statute." 3 C. J. 409.

The doctrine now sustained in general terms in California is somewhat eclectic within the theories mentioned. Costs do not depend upon the final judgment in order that they alone may confer jurisdiction upon an appellate court; but a distinction has been established in that State which is equivalent to the provisions of our statutes. In accordance with the State Constitution the Supreme Court of California has appellate jurisdiction in all cases in equity, except such as arise in justices' courts, and also in all cases at law in which the demand, exclusive of interest, or the value of the property in controversy exceeds the sum of three hundred dollars.

"Fairbanks v. Lampkin, 99 Cal. 429, 34 P. 101, holding that, under the constitutional provision that the supreme court shall have appellate jurisdiction in all cases in equity except such as arise in justices' courts, also, in all cases at law in which the demand, exclusive of interest, or the value of the property in controversy, shall amount to three hundred dollars, it is held that the supreme court has jurisdiction of an appeal from a special order made after final judgment in favor of plaintiff in a divorce suit requiring defendant to pay counsel fees and costs to enable plaintiff to contest defendant's motion for a new trial, although the amount involved in such appeal is less than three hundred dollars.' 3 C. J. 410, note 45.

The exception established by the jurisprudence cited coincides with our construction of subdivision 2 of section 295 of the Code of Civil Procedure to the effect that this Supreme Court being without appellate jurisdiction of the principal action, it has no jurisdiction of an incident of costs.

By virtue of the foregoing the appeal is hereby dis-missed.

*Appeal dismissed.*

Chief Justice Del Toro and Justices Aldrey and Hutchison concurred.

Mr. Justice Wolf dissented.

### DISSENTING OPINION OF MR. JUSTICE WOLF.

Naturally, in the absence of a special law and a special appeal to cover the matter of costs, there could be, it seems to me, no dissent from the proposition that if the principal matter, being under the jurisdictional amount, could not be appealed, neither could the incident of costs, when such costs are less than such jurisdictional amount. However, by the statutes of Porto Rico there is a very special procedure for fixing costs and I have the idea, subject to correction, that in other places the discretion in the trial court to award so universally such ample attorney fees, does not exist. The power exists in the United States in certain kinds of equity cases. Whatever the power may be in the United States, the Legislature has given the court here a very general power to fix costs and ample counsel fees with a special appeal to this court. The majority opinion does not discuss the question of whether the district court has this power on appeal from a municipal court. That power is momentarily assumed. If the district court had such a power then, as by statute an appeal is given generally from the order approving a memorandum, as the statute makes no exceptions, we should make none. I may repeat that a special appeal is given by the Legislature in the matter of costs.

It seems to me that we should have entertained jurisdiction and considered the power of the lower court to award fees in this kind of a case as was done in the case of *González* v. *Fernández, ante,* page 525.