MARÍN, DEMANDANTE Y APELADO, *v.* AMERICAN RAILROAD COMPANY OF PORTO RICO, DEMANDADA Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de San Juan, Segundo Distrito, en pleito sobre daños y perjuicios (memorándum de costas).

No. 2788.—Resuelto en marzo 5, 1923.

APELACIÓN—JURISDICCIÓN DEL TRIBUNAL SUPREMO—HONORARIOS DE ABOGADO— MEMORÁNDUM DE COSTAS.—Cuando el Tribunal Supremo carece de jurisdicción por razón de la cuantía, para revisar una sentencia que concedió costas, también carece de jurisdicción para revisar una resolución fijándolas en el procedimiento de memorándum de costas.

Los hechos están expresados en la opinión.

Abogado de la apelante: *Sr. M. Acosta Velarde.*

Abogado del apelado: *Sr. A. Marín.*

EL JUEZ ASOCIADO SR. FRANCO SOTO, emitió la opinión del tribunal.

Este es un incidente en apelación sobre aprobación de un memorándum de costas. El caso principal procede de la Corte Municipal de San Juan. La demanda se estableció por el montante de $200 en reclamación de daños y perjuicios. Se dictó sentencia concediendo lo pedido en dicha demanda y apelada ante la Corte de Distrito de San Juan, Segundo Distrito, fué condenada la compañía demandada a satisfacer al demandante la suma de $200 y las costas.

Dictada la última sentencia concediendo costas, el de-

mandante radicó en la corte de distrito un memorándum de costas y desembolsos, comprendiendo entre otras partidas, la de $180 en concepto de gastos y honorarios de abogado. La corte inferior, después de presentada la impugnación por la parte demandada y celebrar la vista del incidente, dictó resolución aprobando el memorándum de costas, pero reduciendo la partida de honorarios de abogado a la suma de $100 en vez de $180 que reclamaba el demandante. Y de esa resolución es que se ha interpuesto la presente apelación ante esta corte.

El apelante señala la imputación de varios errores a la corte inferior, pero en este caso surge como cuestión única y principal si tenemos o no jurisdicción para revisar la resolución de la corte inferior. La reclamación tuvo su origen en una corte municipal y la cuantía de la demanda alcanzaba a la suma de $200. El artículo 295 de la Ley de Enjuiciamiento Civil, dice:

"Art. 295.—Podrá establecerse apelación para ante el Tribunal Supremo contra las resoluciones de las cortes de distrito en los casos siguientes:

    \*      \*      \*      \*      \*      \*      \*

"2. (Enmendado según la ley de 9 de marzo de 1905, pág. 213.) De una sentencia de una corte de distrito dictada en apelación interpuesta contra resolución de una corte inferior, dentro de los quince días después de registrada dicha sentencia, si el valor de la cosa reclamada o cuantía de la sentencia sin comprender frutos o intereses, excediera de trescientos dollars."

Se puede ver por el estatuto citado que la materia en disputa o cuantía de la sentencia es la que determina la cuestión de jurisdicción.

En cuanto a las costas nuestra ley las concede en la sentencia, pero su fijación se ventila por un procedimiento especial en donde se dispone en términos generales que contra las resoluciones de la corte resolviendo la impugnación que se hace a un memorándum de costas se podrá apelar por la parte

o su abogado.    Artículos 327 y 339 del Código de Enjuicia-
miento Civil, enmendados según leyes de marzo de 1908 y
1917.

De manera que de acuerdo con el texto y sentido de nues-
tras disposiciones legales en materia de costas, éstas vienen
a constituir un incidente a la reclamación principal que es
la que resuelve la jurisdicción de una corte y de este modo
dichas costas no pueden añadirse a la cuantía en contro-
versia o valor de la cosa reclamada ni tampoco a la sentencia
para fijar la jurisdicción en apelación.

La teoría es que siempre que la jurisdicción se hace de-
pender expresamente de la cuantía de la sentencia o valor
en controversia con exclusión de las costas, como ocurre en
nuestra ley, artículo 295, inciso 2°., del Código de Enjuicia-
miento Civil, *supra,* dichas costas no pueden ser incluídas
para dar jurisdicción a la corte de apelación y la consecuen-
cia es que no cabe una apelación de un fallo u orden por
costas solamente.

"En algunas jurisdicciones se ha resuelto que la materia en cues-
tión o controversia se refiere exclusivamente a la materia objeto de
la acción, y que siendo las costas u honorarios de abogado meramente
incidentales a la acción, no pueden agregarse a la reclamación por
la cual se establece la acción para conferir jurisdicción de apelación,
aún cuando no estén expresamente excluídas por el estatuto.    Y
desde luego que cuando se hace depender expresamente la jurisdic-
ción de la suma de la sentencia obtenida, o de la cuantía litigiosa con
exclusión de costas, las costas no pueden ser incluídas, ni procederá
una apelación contra una sentencia por costas solamente."    3 C. J.
págs. 409, 410.

Se da el caso opuesto en algunas jurisdicciones, y se con-
sidera que las costas constituyen la materia en controver-
sia, independiente de la acción principal, pero aún así el mon-
tante de las costas cae dentro del límite de la restricción pe-
cuniaria que establece el estatuto.

"Cuando una sentencia u orden relativa al pago de costas o con-
cesión de honorarios de abogado es revisable, como en algunas juris-

dicciones, por virtud de la teoría de que las costas u honorarios de abogado constituyen la suma en controversia, la cuestión por lo menos cae dentro de la restricción pecuniaria del estatuto.'' 3. C. J. pág. 409.

La doctrina que actualmente y en términos generales se sostiene en California tiene algo de carácter ecléctico entre las teorías mencionadas: las costas no dependen de la sentencia final para que por sí sólas puedan dar jurisdicción a la corte de apelación, pero ha quedado en aquel Estado una distinción que equivale a lo establecido en nuestros estatutos. De acuerdo con su constitución la Corte Suprema de California tiene jurisdicción en apelación en todos los casos en equidad excepto en los casos procedentes de las cortes de paz y en todos los casos de ley en que la reclamación, exclusiva de intereses, o el valor de la propiedad en controversia, excediere de trescientos dólares.

''En el caso de Fairbanks v. Lampkin, 99 Cal. 429, 24 P. 101, se resuelve que de acuerdo con el precepto constitucional de que la Corte Suprema tendrá jurisdicción de apelación en todos los casos de equidad excepto aquéllos que surjan en los juzgados, y también en todos los casos de ley en los cuales la demanda, excluyendo los intereses, o el valor de la propiedad en controversia, asciendan a la suma de $300, se resuelve que la Corte Suprema tiene jurisdicción de una apelación contra una orden especial dictada después de sentencia final a favor del demandante en un caso de divorcio en que se requiere al demandado para que pague honorarios de abogado y costas a fin de que el demandante pueda contestar la moción del demandado sobre nuevo juicio, aún cuando la suma envuelta en tal apelación sea inferior a $300.'' 3 C. J. pág. 410, nota 45.

La excepción que se establece en la jurisprudencia que citamos coincide con la interpretación que damos al art. 295 del Código de Enjuiciamiento Civil, inciso 2°., en el sentido de que no teniendo esta Corte Suprema jurisdicción en apelación, por razón de la acción principal, carecemos de la misma para conocer en un incidente sobre costas.

En virtud de lo expuesto se desestima la apelación de este caso.

*Desestimada la apelación.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Aldrey y Hutchison.

El Juez Asociado Sr. Wolf disintió.

OPINIÓN DISIDENTE EMITIDA POR EL JUEZ ASOCIADO SR. WOLF.

Naturalmente que a falta de una ley especial y también de una apelación especial que abarque la cuestión relativa a costas, me parece que no podía haber ningún desacuerdo en la proposición respecto a que si el caso principal no podía ser apelado, por no estar comprendido dentro de la cuantía jurisdiccional, tampoco podía serlo el incidente sobre costas, cuando tales costas son inferiores a dicha cuantía jurisdiccional. Sin embargo, por los estatutos de Puerto Rico existe un procedimiento muy especial para determinar las costas y tengo la idea, salvo error, de que en otras partes no existe ia discreción de la corte para conceder de un modo tan general tales ámplios honorarios de abogado.

La facultad existe en los Estados Unidos en ciertas clases de casos de equidad. Sea cual fuere la facultad en los Estados Unidos, aquí la legislatura ha conferido a la corte una facultad muy general para fijar costas y ámplios honorarios de abogado, con una apelación especial a esta corte. La opinión de la mayoría no discute la cuestión de si la corte de distrito tiene esta facultad en apelación de una corte municipal. Esa facultad se asume momentáneamente. Si la corte de distrito tenía tal facultad, entonces como por el estatuto se concede en términos generales una apelación contra la resolución aprobando un memorándum y no establece excepciones el estatuto, no debemos hacer ninguna. Puedo repetir que la legislatura ha conferido una apelación especial en materia de costas.

Me parece que debimos haber asumido jurisdicción y

considerado la facultad de la corte sentenciadora para conceder honorarios en este clase de casos, como se hizo en el caso de *González* v. *Fernández,* (pág. 554).