A. Méndez & Brother, Petitioners and Appellants, *v.* Second Municipal Court of San Juan, Judge Pedro Manzano Aviñó, Respondent.—Roque González & Co., Intervenors and Appellees.

No. 3797. Argued February 5, 1926.—Decided March 18, 1926.

*A. Marín Marién* for the appellants. *J. Valldejuli* for the appellees.

Mr. Chief Justice Del Toro delivered the opinion of the court.

Roque González & Co. sued A. Méndez & Brother in the Municipal Court of San Juan and recovered judgment,

whereupon they moved for a writ of execution. Their motion was sustained and the writ was issued to the marshal, who proceeded thereunder to levy on and advertise the sale of property of the defendants. Thereupon the defendants moved the municipal court to set aside its writ of execution for the reason that they had not been duly notified of the judgment. The court overruled the motion. Then the defendants petitioned the district court for a writ of certiorari and it was granted. Roque González & Co. were allowed to intervene. They filed an additional answer and after all of the interested parties had been heard the district court set aside the order of execution on the ground that the judgment had not been notified in due form, imposing the costs on the intervenors. The judgment in the certiorari proceeding was entered on August 6, 1925. On August 13th the intervenors moved for reconsideration of the judgment and that they be released from the payment of costs, alleging, among other things, that they had obeyed the rule of the court. A. Méndez & Brother opposed the motion for reconsideration. On September 2, 1925, the court ordered as follows:

"The motion for reconsideration filed in this case having been heard, the special circumstances thereof and the small amount involved being considered, the court reconsiders its former order entered on August 6th and excludes therefrom the imposition of costs upon the intervenors."

Notice of the order was given to A. Méndez & Brother on September 5th and on October 5th they appealed to this court. The hearing of the appeal having been set for February 5th, on the 2nd day of said month the intervenors moved that the appeal be dismissed because it involved a special order entered after judgment and the appeal had been taken after the expiration of the statutory period. The appellants opposed that motion and on the day set for the hearing both parties were heard on the motion and on the merits of the case.

■ The question raised in the motion has been decided by the jurisprudence of California. See 2 Cal. Jur. 161 to 163, where there is a summary of the many decisions of the Supreme Court of that State on the subject, some of which are conflicting. There is one case entirely applicable to this case; that of *Elledge* v. *Superior Court*, 131 Cal. 279. The opinion was delivered *per curiam* and reads in part as follows:

"The order sought to be annulled was a special order made after final judgment, in direct terms modifying the judgment previously given, and by express provision of the statute is made appealable. (Code Civ. Proc., sec. 939.) Although the cost bill is referred to as the basis of its action, the order of the court applies to the judgment and not to the cost bill. The order could have been reviewed either upon an appeal taken directly therefrom, independent of an appeal from the judgment, or its correctness could have been determined upon an appeal from the judgment as modified in accordance with its terms."

And as the date of the modification is what should be taken in such a case as the real date of the judgment (*Hayes* v. *Silver Creek, Etc., Co.*, 136 Cal. 238), it follows that as the appeal was taken in this case a month after the date of the modifying order, it was taken within the period prescribed by law.

■ The appeal does not extend to the real merits of the case. The appellants admitted that as notice of the judgment was not given according to section 320 of the Code of Civil Procedure, following the holding of this court in the case of *Rodríguez* v. *District Court of Mayagüez*, 31 P.R.R. 285, the notice was void and therefore the writ of execution issued at their request was invalid. The only question involved is whether the district court abused its discretion in modifying the judgment in the sense of releasing the intervenors from the payment of costs.

This court will reverse the decision of the district court in that sense only for very good reasons, and such reasons

have not been given in this case. On the contrary, the last reason of the trial court seems to be logical. It was a proceeding in certiorari against the judge. The intervenors had secured a favorable ruling and undertook to sustain it. It is true that the question to be adjudged had been decided adversely by this court, but it is also true that there is reason for the theory that in the absence of an express statute the same rule that is applied in the district courts should govern the service of notice of judgments in the municipal courts, which seems to be the theory sustained by the municipal court.

For the foregoing reasons the appeal should not be dismissed nor the judgment reversed.